## DANIELS v. THE STATE.

1. Exceptions to the answer to a writ of certiorari must specify the defects therein.
2. Where the petition for certiorari in a criminal case sets out a statement alleged to have been made by the accused upon his trial in the lower court, and no statement of the accused is contained in the answer, an exception that the answer does not reply specifically to the allegations of the petition, in that it does not set forth such statement, is sufficiently specific to require a fuller response to the petition.
3. The evidence demanded a finding in favor of the traverse to the answer.

Submitted April 27, — Decided May 30, 1903.

Certiorari.     Before Judge Mitchell.     Thomas superior court. February 18, 1903.

To the facts stated in the opinion the following is added in connection with the third division thereof.    The petition for certiorari alleged that on the trial in the county court Henry Kelly testified as follows:    On April 4, 1902, Florence Powell came to him and said she wanted to get him something to drink.    He gave her twenty-five cents and told her to go and get him something to drink. After she left his store he followed her, being on the opposite side of the street from her.    She went three or four hundred yards down the street, and entered the store of the defendant.    He saw her go in and behind the partition running across the back end of defendant's store.    He saw defendant hand her something; could not swear what.    Witness was standing about seventy yards across the street from defendant's store when defendant handed the package to Florence Powell.    Defendant's store was lighted up, and other persons were therein at the time.    After a short while Florence Powell came out of the store and walked up the street, and witness walked up on the opposite side.    After going about a hundred yards he went across to where Florence Powell was.    She handed him the bottle and said it was liquor, and told him she got it from defendant's store.    Witness did not see her or any other person pay defendant any money for any liquor, nor could he swear that defendant handed her any liquor in his store.    He had never known or seen defendant sell any malt or intoxicating liquor.    The side of the street on which Florence Powell walked was occupied by several other merchants, and other persons were on the street with whom she came in contact. — The petition also set forth a statement made by the defendant on the trial, to the effect that he never

sold any one any malt or intoxicating liquor; that his storehouse was searched on the 5th of April, and no such liquor was found, etc.

The answer of the county judge states, that Kelly testified as follows: He gave the woman 35 cents and told her to go and buy him some whisky. She took the money and kept it in her hand as she walked down the street. He followed, watching her all the time. He went down the opposite side of the street, and watched her until she went into defendant's place of business. He was then across the street, where he could see into the defendant's store, and not over 100 feet from it. The store was brightly lighted, and he stood where he could see into it well, and the woman, Florence Powell, never went out of his sight. She went back to a partition but not beyond it, and the defendant came out from behind the partition or a counter. He could not see him until he came into the light near the woman. She reached out the same hand in which she carried the money witness gave her, and defendant reached out his hand until it met hers, and then went out of sight behind the partition or counter, and in a very short time returned and handed the woman a package in a paper sack. She took this by the top of the sack, and came out with it in her hand, swinging it down. Witness had crossed the street, and when the woman came out he was not more than twenty feet from her. As soon as she turned up the street he started towards her. She still had the same package in the same hand, and in the same position in which she took it when she received it from the defendant. She had not changed the package from that hand at all between the time she came out of defendant's store and the time witness overtook her, when she handed him the package she had received from defendant. He opened it, and it contained a bottle with corn whisky therein. He was positive it was the same package that defendant had given the woman, and it did have corn whisky in it. He could not swear positively that she gave defendant money for it; but she had the money in the same hand that she reached out to defendant, and defendant put out his hand till it met hers. It was so light in the store that it was no trouble to see anything in there, and he did see all he swore to. He watched Florence closely from the time he gave her the money until she gave him the bottle of whisky.

On the hearing of the traverse of the answer Henry Kelly swore:

The statement of his evidence in the petition for certiorari, the same having been handed to him for examination, is correct, except that it made the street referred to 70 yards instead of 70 feet wide; and that Florence Powell did not go behind the second partition in the store, but only went to the door in the partition. He did not swear, at the trial in the county court, that it was whisky. "I don't think that the question was asked me then whether it was whisky or not. But it was whisky."

*W. C. Snodgrass* and *Roscoe Luke*, for plaintiff in error.

FISH, J.   Hammond Daniels was convicted, in the county court, for unlawfully selling malt and intoxicating liquors. He carried the case, by certiorari, to the superior court, where to the answer to the writ he filed the following exceptions: "First: Because the testimony of Charles Davis, one of the witnesses in the trial of the case in the court below, is not stated, but merely the judge's deductions therefrom. Second: The statment of Hammond Daniels is neither given in full nor in substance. Third: Because the said judge presiding does not reply to the allegations and assignments of error in said petition for certiorari, that the same may be duly presented to this honorable court. Fourth: Because said answer does not give to this court a full and complete history of the case as tried by him, that the same may be duly presented to this honorable court." These exceptions were overruled, and the accused excepted to the ruling. The answer was then traversed, and upon the trial of the issue so made the judge found against the traverse. The accused also excepted to this ruling. The certiorari was then heard and overruled, and the plaintiff in certiorari again excepted.

1.   The judge of the superior court rightly overruled the first, third, and fourth exceptions to the answer. An examination of the answer shows that it is not subject to the first exception. The third exception is too general and indefinite, in that it does not point out wherein the answer does not reply to the allegations and assignments of error in the petition for certiorari. The fourth exception is also too general and indefinite. It does not point out wherein the answer fails to give a full and complete history of the case. While the answer to the writ of certiorari must reply specifically to the allegations in the petition, exceptions to the answer must not only be in writing, but must specify the defects therein. Civil Code,

§§ 4646, 4647; *Franklin* v. *Kaufman*, 65 *Ga.* 260. Apparently the answer, read in connection with the allegations of the petition for certiorari, is, save as to the defect specified in the second exception sufficently full and explicit.

2. The only reference made in the answer to the statement of the accused was that " The statement of the defendant as against positive statements under oath was not considered worthy of belief." The petition fully set forth what was claimed to be the statement of the accused. We think that the second exception, to the effect that the answer did not set out any statement of the accused, was sufficiently specific and should have been sustained, and the judge of the county court ordered to perfect his answer by setting out the statement of the accused. Whatever may have been the opinion of the county judge as to the credit to be given to the statement, the accused had the right to have that question passed upon by the judge of the superior court.

3. One of the grounds of the traverse was as to the testimony of Henry Kelly, upon which the State relied for a conviction. If the testimony of this witness was as set out in the answer, it was amply sufficient to show the commission of the offense by the accused. On the other hand, if his testimony was as set out in the petition for certiorari, which the traverse alleged truthfully and fully set forth his testimony, the conviction was unauthorized. Upon the hearing of the traverse, this witness testified that his testimony upon the trial in the county court was correctly set out in the petition, except in two particulars, which were not very material, and that he did not testify as set forth in the answer. Kelly was the only witness who testified upon the trial of the traverse; and as his testimony then given was not contradicted, we think the judge erred in finding against the traverse.

*Judgment reversed. By five Justices.*