## 26091. GOODWIN *v.* THE STATE.

749

DECIDED MAY 6, 1937.

C. G. Battle, for plaintiff in error.

John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, contra.

MACINTYRE, J.  The judge of the superior court upon a petition for certiorari, issued the writ directed to the judge of the criminal court of Atlanta, who answered, and the defendant traversed the answer. Upon the issue formed by the traverse, the defendant testified that the only witness in the trial court testified as set out in the traverse, and not as set out in the answer or return. If the testimony of the witness was as set out in the answer of the judge of the inferior court, it was sufficient to show a violation of the lottery law. On the other hand, if the testimony of the witness was as set out in the traverse, the conviction was unauthorized. The defendant was the only witness who testified on the trial of the traverse in the superior court; and her testimony was uncontradicted, unless the answer or return of the inferior-court judge which was introduced in evidence, over objection, could be used as testimony. The defendant contends that upon the trial of the traverse the State introduced in evidence the answer of the trial judge over the objection of the defendant that the answer is not evidence and is only a part of the pleading in the case.

The State contends that the answer was properly allowed in evidence and was evidence, and cites as authority headnote 2 of Vanderzer v. McMillan, 28 Ga. 339, wherein it was said: "A complainant can not waive an answer from the defendant; but to every bill it is the privilege of the defendant to file an answer, and to use the same as testimony, or for the purpose of a cross-bill, or any other purpose sanctioned by the usages and customs of

courts of equity." However, it should be noted in this very same case the court said: "All writers on equity, assert that every bill is, in reality, a bill of discovery. Story's Eq. Pl. §§ 31-311; Mitford's Eq. Pl. 53; Wigram on Discovery, 6. In every treatise on equity pleadings, the interrogatory part is treated as an indispensable part of the bill. Story's Eq. Pl., § 35; Adams' Eq. 59-302. The office of the subpœna is to require the defendant to answer on oath, like a witness. 6 Bacon's Abr. Art. Ch. (6), note (b) on page 686; Bouvier's Law, Dic. Art. Subpœna; 1 Harrison's Ch. 195. The forms of subpœna in the books require the defendant to answer. 1 Harrison's Ch. Pr. 195-6. The equitable jurisdiction of chancery is founded on the writ of subpœna. Adams' Equity, 36, 308, 2; Bac. Abr. 685 Ar. Court of Chancery, (6) 1 Harrison's Chancery, 14; Jacob's Law Dictionary, and Bouvier's Law Dictionary, supra." Thus, in the equity action in the *Vanderzer* case, supra, the defendant was required to answer under oath, like a witness, and his answer could be used as testimony. It would have been otherwise in a legal action. In equity, according to the ancient practice, the evidence was elicited by interrogatories and cross-interrogatories, and was taken privately before an officer of the court called examiner. "This method of taking testimony in chancery has been changed in modern times; and in England and in the United States a viva-voce examination before the examiner, or, before the court itself, is now substituted for the examination through interrogatories. The testimony, however, is reduced to writing, and forms part of the record in the cause. The difference between the methods of taking testimony in chancery and at law is the result of the difference in the ends sought to be attained. At law, evidence is the means whereby a jury determines the issues raised by the pleadings; in chancery it is the machinery by which the chancellor informs himself of the facts upon which to base his decree." Bispham's Equity (6th ed.), 16.

In a certiorari case the inferior-court judge does not answer like a witness, but more like a judge who signs and sends up a writ of error or bill of exceptions. The answer or return is a history of the case given by the inferior-court judge in his answer to the writ of certiorari. The answer should purport to be a return, and should be signed and sealed, but it need not be sworn

to. 11 C. J. 174, § 261. The forms of answer in the books make no provision for swearing to the return or answer; and the Code, while expressly requiring the petition for certiorari to be sworn to, does not expressly or otherwise require the answer to the writ to be verified. At common law the return or answer could not ·be contradicted by an assignment of error; it must be taken as conclusive, and acted on as true. If false, the remedy was by action. Wood on Legal Remedies, 202. But under our statutes "If the answer to the writ of certiorari is not sùfficiently full, the Code provides a remedy for the plaintiff in certiorari, by exceptions to the answer, which, if sustained by the judge of the superior court, are followed by an order requiring the respondent to the writ to perfect his answer. If the answer makes an erroneous statement as to what occurred at the trial, the remedy provided is a traverse of the answer and a trial of the issue formed thereon by a special jury." *Colbert* v. *State,* 118 *Ga.* 302, 305 (45 S. E. 403); Code, § 19-403.

We are aware that the evidence as specifically set forth in the answer to the writ of certiorari is conclusive unless traversed. *Carter* v. *State,* 3 *Ga. App.* 476 (60 S. E. 123). However, when the traverse is filed, this forms an issue to be tried by a jury in the superior court (Code, § 19-403), and as to the matters traversed the answer of the inferior-court judge can not be used as testimony in the trial of the traverse in the superior court, and the judge erred in admitting the answer as evidence. Thus, in this case, the defendant was the only competent witness who testified on the trial of the traverse; and if her testimony then given was not contradicted by competent evidence we think the judge erred in finding against the traverse. *Daniel* v. *State,* 118 *Ga.* 18, 21 (44 S. E. 818). It follows that he erred also in overruling the motion for new trial, and in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*