## BUCKNER v. THE STATE.

When in an answer to a writ of certiorari the judge whose decision is under re-
view states in effect that he can not recall any of the facts of the case and
does not remember whether the rulings complained of in the petition were
made or not, and this answer is neither excepted to nor traversed, the judge
of the superior court upon the hearing of the certiorari can not do otherwise
than to overrule the same.

Submitted April 21, — Decided April 24, 1902.

Certiorari. Before Judge Reagan. Monroe superior court.
February 13, 1902.

*Persons & Persons*, for plaintiff in error.   *O. H. B. Bloodworth*,
solicitor-general, and *J. B. Williamson*, contra.

COBB, J.  Buckner was tried in a city court for the offense of
abandoning his child.   The jury returned a verdict of guilty, and
the accused applied to the superior court for a 'writ of certiorari,
which was duly issued.   The answer of the judge of the city court
was in the following language: " In answer to the writ of certiorari
sued out and served upon him by the defendant in the above-stated
case, respondent says that defendant was tried, convicted, and sen-
tenced at the July term, 1901, of the city court of Forsyth, for the
offense stated in his application for certiorari.   Respondent says
further that he can not now recall the evidence introduced at the
trial of the case.   He says that the trend of the evidence was about
as indicated in defendant's petition for certiorari, as well as he now
remembers; but he can not say that it is accurately set out in same,
because he does not remember the evidence as delivered on the hearing
of the case.   Respondent believes the charge of the court to be sub-
stantially as claimed in the petition of defendant.   Respondent re-
members that defendant's counsel insisted upon some proposition of
law at the hearing of said case, from some Georgia Report, to sustain
his views; but he does not remember any written request to charge
the requests embodied in the application for certiorari, though such
requests may have been made either orally or in writing.   Respond-
ent does not now remember the particulars of the ruling on the
evidence of 'Solomon,' as set out in defendant's petition for cer-
tiorari.   Perhaps his statement is correct.   Respondent can not re-
call any of the facts of the case at this time.   Defendant's counsel

brought the within certiorari to respondent's office on Sept. 26, 1901, and had him to acknowledge service of same. He immediately carried said certiorari off, and respondent did not get possession of it until said counsel handed it to him on December 20th, 1901. If counsel had not withheld the writ from respondent for nearly two months after he had been served with same, perhaps respondent could have furnished him a clearer answer to this certiorari." This answer was neither excepted to nor traversed, and the certiorari was overruled. To this judgment the accused excepted.

In determining the assignments of error made in a petition for certiorari the judge of the superior court can look only to the answer of the judge whose decision is under review, for the purpose of ascertaining what occurred at the trial. If the answer adopts the statements made in the petition for certiorari, then of course such statements will be treated as true. But if the answer undertakes to detail the facts of the case and the rulings made at the trial, the judge of the superior court must be governed exclusively by allegations as to these matters which are set forth in the answer. If the answer is not sufficiently full to enable the court to determine the assignments of error made in the petition for certiorari, or if the answer is untrue, the code provides a remedy for the applicant, by exceptions to the answer, or by traverse, as the case may require. If the applicant sees proper to proceed with the hearing upon an answer which is not sufficiently full or explicit to enable the court to decide the assignments of error made in the petition, the only legal and proper direction that can be given the case is to overrule the certiorari; for the reason that it is incumbent upon the plaintiff in certiorari, as it is upon the plaintiff in error in this court, to show that error has been committed. The only medium through which error can be shown is the answer to the certiorari; and if the answer does not disclose any error, an affirmance of the judgment necessarily results. In the present case when the judge of the superior court looked to the answer of the judge of the city court, it was impossible to determine what was the evidence had at the trial, or what rulings were invoked by counsel for the accused during the progress of the trial, or what rulings were actually made. So far as can be ascertained from the answer of the judge of the city court, what occurred at this time had passed entirely from his mind. He recalled with distinctness

apparently only one fact, and that was that there was at such a time such a case. What was done during the trial of the case seems to have entirely passed out of his mind. Under such circumstances we do not know whether an exception to the answer would have availed the applicant for certiorari. There was nothing in the answer to call for a traverse. The judge of the city court answered that he did not remember what had occurred. Even if this allegation were traversed, it would be impossible to prove that it was untrue. But the fact that the accused may have been without a remedy can not alter the well-settled rule, founded upon obvious considerations, that in certiorari cases the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings made must be derived. If the accused was improperly convicted, it is certainly unfortunate that the judge before whom he was convicted could not, in answering the certiorari, remember what occurred at the trial. It is immaterial that counsel for the accused may have been responsible for the delay which seems to have been the occasion of the loss of memory. It was not necessary for the judge to give any reason for his want of recollection. He answers that he does not remember what occurred, and this is an end of the whole matter. Under such an answer the judge of the superior court could not have done otherwise than to overrule the petition for certiorari.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*