## COLBERT *v.* THE STATE.

When upon the trial of a certiorari case none of the assignments of error made in the petition for the writ can be determined without considering the evidence introduced in the lower court, and the answer of the judge of such court fails to disclose in any way what the evidence was, the judge of the superior court, upon the hearing of the certiorari, can not do otherwise than to overrule the same.

Submitted July 22, — Decided August 11, 1903.

Certiorari.    Before Judge Reagan.    Monroe superior court. May 18, 1903.

*Persons & Persons*, for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* contra.

FISH, P. J.    The plaintiff in error was convicted, in the city court of Forsyth, upon an accusation charging him with the offense of trespass. He carried the case by certiorari to the superior court,

where the certiorari was overruled; whereupon he excepted. All of the assignments of error in the petition for certiorari are based upon the insufficiency of the evidence to sustain the conviction, save one wherein it is alleged that the court erred in refusing to charge upon a certain point as requested; and whether or not the court erred in refusing to charge as requested depends upon the evidence and statement of the accused. The answer of the city-court judge fails to disclose what the evidence upon the trial was, or what statement the accused made; and as the judge of the superior court, in determining the questions made by the petition for certiorari, could look only to the answer of the judge of the city court, for the purpose of ascertaining what occurred at the trial, he could not legally do otherwise than to overrule the certiorari. *Buckner* v. *State*, 115 *Ga.* 238. In the case cited it was held: "Where in answer to a writ of certiorari the judge whose decision is under review states in effect that he can not recall any of the facts of the case and does not remember whether the rulings complained of in the petition were made or not, and this answer is neither excepted to nor traversed, the judge of the superior court, upon the hearing of the certiorari can not do otherwise than to overrule the same." That case, like the present, involved a certiorari from the city court of Forsyth, and the same judge answered the writ. In reference to the evidence upon which the case was tried, he answered as follows: "Respondent says further that he can not now recall the evidence introduced at the trial of the case. He says that the trend of the evidence was about as indicated in the defendant's petition for certiorari, as well as he now remembers; but he can not say that it is accurately set out in the same, because he does not remember the evidence as delivered on the hearing of the case. . . Respondent can not recall any of the facts at this time." In the case now under consideration, the answer to the writ of certiorari is as follows: "In answer to the writ of certiorari, . . respondent answers that the history of the case given in the petition for certiorari and the copy papers annexed thereto are substantially correct, and are adopted by respondent as if formally set out in the answer. Respondent is unable to recall much of the evidence delivered on the trial of the case, but thinks it is about as stated in the petition for certiorari, though he can not say it is absolutely correct. He approves and adopts the same,

however, as a better statement of the facts than respondent can give at this time. The bond, copy accusation, and sentence attached is also correct. The charge of the court and the refused request to charge are correctly stated in the defendant's petition for certiorari."

It will be seen that this answer is but little, if any, better than the answer in the other case; and when considered as the only source from which the judge of the superior court was to derive his knowledge of the facts which appeared upon the trial, from the evidence and the statement of the accused, it is no better. In effect it states that there is much of the evidence delivered on the trial of the case which the trial judge does not remember, and fails to state any of such evidence which he does remember. So there was before the judge of the superior court no statement at all of the evidence which was verified by the trial judge as being correct. The mere statement that the respondent to the writ "thinks" the evidence "was about as stated in the petition for certiorari, though he can not say it is absolutely correct," is about on a par with his statement in the other case, that "the trend of the evidence was about as indicated in defendant's petition for certiorari as well as he now remembers," and certainly does not amount to a verification by him of the statement of the evidence contained in the petition, especially when considered in connection with his statement that he is unable to recall much of the evidence delivered on the trial. The answer, in effect, says that the trial judge does not remember much of the evidence, but thinks it may have been about as stated in the petition. This is entirely too vague, indefinite, and uncertain to be the foundation upon which to rest the judgment of a reviewing court upon questions to be decided upon facts established by the evidence. Nor does the statement that "He approves and adopts the same, however, as a better statement of the facts than respondent can give at this time," amount to a verification of the evidence as set forth in the petition. Such a statement simply amounts to this: that the respondent to the writ of certiorari is unable to make a correct statement of the evidence heard at the trial, and does not know whether the statement thereof made in the petition is correct or not, but thinks it is nearer so than any statement which he could make. Inasmuch as he could not recall much of the evidence, his mere approval and adoption

of the statement of the same contained in the petition for certiorari, as being a better statement thereof than he could make, falls far short of a verification or adoption of the statement of the evidence set out in the petition.

If the evidence upon the trial in the city court was not sufficient to authorize the conviction of the accused, it is certainly very unfortunate for him, and for the ends of justice, that the judge of that court could not remember what the evidence was; but, as said by Mr. Justice Cobb, in the above-cited case, "The only medium through which error can be shown is the answer to the writ of certiorari; and if the answer does not disclose any error, an affirmance of the judgment necessarily results." We know of no adequate remedy for such a case as this. If the answer to the writ of certiorari is not sufficiently full, the code provides a remedy for the plaintiff in certiorari, by exceptions to the answer, which, if sustained by the judge of the superior court, are followed by an order requiring the respondent to the writ to perfect his answer. If the answer makes an erroneous statement as what occurred at the trial, the remedy provided is a traverse of the answer and a trial of the issue formed thereon by a special jury. But in a case like the present, where the infirmity in the answer is owing to an infirmity of memory on the part of the trial judge, we know of no remedy which the law affords to the applicant for certiorari, however unfortunate it may be for him that the judge who tried the case is unable to remember what occurred at the trial. That there ought to be a remedy in such a case we have no doubt, but until the lawmaking power provides one, an applicant for certiorari seems to be remediless when the judge who tried the case is unable, through lapse of memory, to furnish a reviewing court with a statement of the facts which occurred at the trial. But, as said by our learned brother in *Buckner* v. *State*, supra, "The fact that the accused may have been without a remedy can not alter the well-settled rule, founded upon obvious considerations, that in certiorari cases the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings must be derived." For the foregoing reasons, we are constrained to affirm the judgment of the superior court.

*Judgment affirmed. By five Justices.*