### HARRIS *v.* DALY.

1. The answer of the justice of the peace, though brief, verified the statements of fact in the petition for certiorari.
2. Rescission involves the obligation to restore the status, unless the subject-matter of the sale be worthless.
3. Regardless of whether the evidence sustained the verdict, a new trial should have been granted. It appears that the defendant was not only relieved of liability on the note sued on, and obtained a judgment for the return of the

121 511
Case 2
125 412

money previously paid, but was also allowed to retain in her possession the property conveyed by the plaintiff under the rescinded contract.

Argued November 16,— Decided December 21, 1904.

Certiorari. Before Judge Fite. Catoosa superior court. August 6, 1904.

Mrs. Harris sued Mrs. Daly in a justice's court on a note for fifteen dollars, representing the balance due on the purchase of a Jersey cow which had been sold for thirty dollars, with a cash payment of fifteen dollars. The defendant filed a plea which was equivalent to one of rescission, on the ground that the quality, condition, and value of the cow had been misrepresented. There was conflicting evidence as to what representations had been made, and as to what was the condition and value of the cow when received, and whether the defendant had acted promptly, or notified the plaintiff of her election to rescind only after the purchase-money note became due and there had been a refusal of the demand for payment thereof. In the suit on the note the verdict was adverse to the plaintiff, the jury finding "for the defendant fifteen dollars." Nothing was said as to what should be done with the cow. The plaintiff applied for a writ of certiorari. The petition was divided into numbered paragraphs, the testimony of each witness being included in separate paragraphs. The answer of the justice was extremely brief. After the formal beginning it proceeds as follows: "Replying specifically to the allegations in said petition respondent says: First: Absolutely true. Second: Substantially correct. Third: The evidence as near as I could state it from memory. Fourth: Evidence as given on trial. Fifth: See nothing to change. At the hearing in the superior court the certiorari was overruled, and the plaintiff excepted.

*W. H. Odell* and *R. J. & J. McCamy,* for plaintiff.
*William E. Mann,* for defendant.

LAMAR, J. (After stating the facts.) In the argument here it was contended that on the authority of *Colbert* v. *State,* 118 *Ga.* 302, the certiorari was properly overruled. It was insisted that the answer of the justice did not verify the petition, nor was there otherwise any statement of what occurred on the trial. The defendant made no motion to dismiss because the answer was insuf-

ficient, though he did traverse the return in so far as it related to the testimony of the witness Orr. On this traverse the justice filed a supplemental answer setting out more in detail the testimony of this witness. The original answer of the justice was brief, but it substantially verified the allegations in the petition. There was no suggestion, as in *Colbert* v. *State*, 118 *Ga.* 302, that the officer was unable to remember whether it was correct or not. Some of the paragraphs are absolutely verified. The only one which is even subject to criticism is that relating to the evidence referred to in the third paragraph, as to which the justice answered that it contains "the evidence as near as [he] could state it from memory." This was not a statement that he could not recollect the testimony, but rather that his memory of what transpired corresponded with that of the defendant. Civil Code, § 4646. The petition being therefore verified, it could not have been overruled for want of a proper answer.

The record presents no question as to the sufficiency of the pleadings, or as to the right of the defendant to rescind. But from the verdict it appears not only that the plaintiff was not allowed to recover on the note, but that the jury found that she should repay the defendant the amount previously received on account of the purchase of the animal. So far as the pleadings and verdict show, the defendant is relieved from liability on the note, gets back the amount paid on account of the purchase, and also retains the animal. There is no suggestion that it was worthless. In any view of the case a new trial should have been ordered. Rescission involves the necessity of restitution of parties to the condition before the contract was made. Civil Code, §§ 3711, 3712.

*Judgment reversed. All the Justices concur.*