EVANS *v.* MAYOR AND ALDERMEN OF FORSYTH.

1. Where a petition for certiorari complaining of a judgment of a mayor and aldermen recited that the judgment was rendered "on the ———— day of ———— 190—," and that the petition was presented within thirty days from the rendition of the judgment, and it was duly verified and sanctioned, this was sufficient to show prima facie that the application was brought in due time; and it was error to dismiss the certiorari on the ground that the petition did not show on its face the date of the judgment.

2. If the answer to the writ, untraversed (or with a traverse not sustained), shows that in fact more than thirty days had elapsed after the judgment and before the application for the writ of certiorari, the writ should be dismissed for that reason.

3. A motion for this court to cause the clerk of the superior court to send up a transcript of the answer to the writ of certiorari will not be granted where it appears that the presiding judge dismissed the case because of what appeared or failed to appear in the petition alone as to the date of the judgment.

4. This court has no authority to require the judge of the superior court to certify to additional facts transpiring during the hearing of a cause and not appearing in the bill of exceptions or the record.

Argued October 18,—Decided November 8, 1906.

Certiorari. Before Judge Reagan. Monroe superior court. September 1, 1906.

*R. L. Berner* and *J. M. Fletcher,* for plaintiff in error.

*Cabaniss & Willingham,* contra.

LUMPKIN, J. A petition for the writ of certiorari is to some extent analogous to a bill of exceptions. *Bonds* v. *Berdett,* 113 *Ga.* 114. The petition must be verified in the first instance by an affidavit; a bill of exceptions, by the certificate of the presiding judge. If a bill of exceptions states that it was presented and certified within thirty days after the judgment, and is certified, this statement is taken as prima facie correct. If the date of the judgment sent up in the record conflicts with this statement, the record controls. *Merritt* v. *Gill,* 59 *Ga.* 459; *Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 524. Here the petition for certiorari, duly verified and sanctioned, failed to state the exact date of the judgment excepted to, but did allege that the application was made within thirty days from the date of the judgment. The presiding judge dismissed the certiorari on the express ground that the petition did not show the date of the judgment. This was error. After the answer is filed, it controls and must be looked to for the facts of the case. Allegations in the petition must be verified by the answer, to be considered. *Manning* v. *Mayor & Council of Gainesville,* 125 *Ga.* 239. If no traverse should be filed to the answer, or if one should be filed and not be sustained, and such answer should show that the statement of the petition is erroneous, the answer would control. No answer was specified or sent up in the record. We are asked to have a transcript of it sent up now. But we deem it unnecessary to do so, as the judgment of the court shows that it was not based on the answer, but on the petition alone. We are also asked to require the presiding judge to certify as to certain statements or admissions claimed to have been orally made by counsel to him. But there is no provision of law for doing so.

*Judgment reversed. All the Justices concur.*