## 94. LANDRUM v. MOSS.

1. It is proper to dismiss a certiorari where it does not affirmatively appear from the record that the writ was applied for within thirty days after the final determination of the case.

2. Where the only portion of the record showing the date of the judgment complained of is an unverified recital of the date of the trial, appearing in the certiorari bond, this is not sufficient.

3. Petitions for certiorari are not amendable.

4. Aliunde proof is not admissible to show that the writ of certiorari was applied for within the time prescribed.

5. It is absolutely essential to the validity of exceptions to the answer of the magistrate to the writ of certiorari that such exceptions be specific in pointing out the alleged deficiencies.

6. Where the answer of the magistrate fails to disclose that a final judgment has been rendered in the justice's court, and no exceptions are filed pointing out this deficiency, and upon the hearing the judge of the superior court dismisses the certiorari, this judgment is correct, and, irrespective of any other alleged reasons therefor, will be affirmed.

Certiorari, from Cobb superior court—Judge Gober. January 11, 1906.

Argued February 11,—Decided February 14, 1907.

*W. A. James,* for plaintiff in error.  *H. B. Moss,* contra.

POWELL, J.  Landrum, under date of June 19, secured the sanction of the judge of the superior court to a petition for certiorari, which alleged that the trial complained of occurred at the May term of a named justice's court, but which did not set forth the date upon which the justice's court was held, nor upon which the judgment complained of was rendered.  In the certiorari bond filed with the record it is recited that the trial occurred on May 20.  The writ duly issued and the justice answered, but the answer was very meager and failed to disclose that a final judgment had been rendered; it was also silent as to the date of the trial.  The plaintiff in certiorari filed exceptions to the answer, upon the following grounds:  "(1) because the answer is defective, in that it does not answer the allegations of the petition by adopting or denying the allegations therein; (2) because the answer does not set out the evidence, nor does it adopt the brief of evidence set out in the petition; (3) because the answer does not state when the verdict was rendered, the day, the month, nor the year, which was May 20, 1905; (4) because the justice does not file such answer as the law requires, and it is wholly insufficient for the court to pass on the issues involved in the case and correct

the alleged errors." Before passing upon the exceptions the court sustained a written motion to dismiss the certiorari, upon the ground that it did not appear from the record that the certiorari was applied for within thirty days from the date of the judgment complained of; and, by written order, further refused to entertain the exceptions, or to allow the plaintiff in certiorari to amend his petition by alleging the date of the trial as being May 20. Prior to the signing of this order the plaintiff in certiorari offered to make aliunde proof that the trial was had upon the date named, but the court rejected it. To all of these rulings exceptions are taken.

1. Since it is imperative to the exercise of jurisdiction by certiorari that the writ be applied for within thirty days from the date of the final judgment, this fact must appear from the record. The judge of the superior court is not required to sanction a petition for certiorari in which this fact is not made to appear; yet if he does grant the writ, and the answer of the justice so sets out the dates that it appears that the writ was in fact applied for within the time prescribed, the case will not be dismissed. Civil Code, §4642; *Bonds* v. *Berdett,* 113 *Ga.* 113.

2. The certiorari bond accompanying the petition, while for some purposes a part of the record, is not evidence of the facts therein incidentally recited. Its allegations are verified neither by the oath of the petitioner nor by the certificate of the magistrate.

3, 4. Petitions for certiorari are not amendable. *Western & Atlantic R. Co.* v. *Jackson,* 81 *Ga.* 478; *Singer Mfg. Co.* v. *Walker,* 77 *Ga.* 649. Nor is aliunde proof admissible to enlarge or contradict the recitals of the record. *Gildea* v. *Hill,* 115 *Ga.* 136.

5. Ordinarily, proceedings to perfect the record will take precedence over a motion to dismiss the certiorari. It is the duty of the magistrate not only to make answer to the allegations, but also to certify and send up all the proceedings in the cause. In this case the justice failed to do this. If by proper exceptions the plaintiff in certiorari had demanded the sending up of copies of all the pleadings, and of the verdict in the justice's court, it would have been the duty of the judge of the superior court to postpone a hearing upon the motion to dismiss, until the record could be perfected. However, the exceptions filed were insufficient for

this purpose. Exceptions to the answer must specify the defects. Civil Code, §4647. They must be so definite, apt, and certain that the magistrate may be able to understand the exact nature of the deficiency that he is called upon to supply. The exceptions as filed are set out in the statement of facts preliminary to this opinion. An inspection of them will show that they are too general in their nature to be regarded as a compliance with this rule. The third exception does make the point that the answer does not state the day, the month, nor the year upon which the verdict was rendered; it does not make the point that the magistrate did not certify and send up the verdict as a part of the proceedings. It was not the duty of the justice, in his answer, to state this date, since no such date is alleged in the petition.

6. It does not appear from the answer of the magistrate that a final verdict or judgment was rendered in the justice's court. Allegations in the petition as to which the answer is silent are not verified, and are not to be considered upon the hearing. *Taft Co.* v. *Smith,* 112 *Ga.* 196 (1). No proper steps were taken to perfect the answer in this respect. Therefore, irrespective of all other questions, it was the duty of the judge, at the hearing, to dismiss the certiorari; and his judgment so doing will be affirmed. *Brown* v. *Gainesville,* 125 *Ga.* 238; *Jessey* v. *Dean,* 122 *Ga.* 371.

*Judgment affirmed.*