## 475.   RODGERS *v.* THE STATE.

If the answer to the certiorari in a criminal case does not verify the fact that there has been a conviction, or final judgment, neither the superior court nor this court can pass upon the errors assigned in the petition.

Certiorari, from Fulton superior court—Judge Pendleton. April 10, 1907.

Argued May 27,—Decided June 20, 1907.

*Moore & Moore,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.

POWELL, J.   If we could properly pass upon the merits of the case we would unhesitatingly grant a new trial; the evidence was clearly insufficient to support a conviction. See, in this connection, *Johnson* v. *State,* ante, 182, 58 S. E. 265. However, so far as this court can judicially know, the defendant has never been convicted. This court, as well as the superior court, must in certiorari cases look exclusively to the answer for such information. The answer is wholly silent as to the jurisdictional fact that there has been a final verdict or judgment in the trial court. The applicant for certiorari should have made exceptions to the answer; but he failed to do so. This is fatal. This proposition is too plainly and definitely established to allow the slightest judicial evasion of it, even though the defendant be innocent. *Manning* v. *Gainesville,* 125 *Ga.* 239, 53 S. E. 1002; *Colbert* v. *State,* 118 *Ga.* 305, 45 S. E. 403; *Little* v. *Fort Valley,* 123 *Ga.* 503, 51 S. E. 501; *Landrum* v. *Moss,* 1 *Ga. App.* 216, 57 S. E. 965.

*Judgment affirmed.*