## 2177.  THOMAS *v.* THE STATE.

1. Both the traverse and the exceptions to the answer of the judge of the county court were filed too late. The superior-court judge tries the traverse to the answer of the county-court judge.
2. Even though an oral judgment upon a certiorari, because it is subject to change, is ineffectual as a judgment until reduced to writing, it is entirely within the discretion of the judge to refuse to open the case and permit a traverse to be filed after pronouncing such an oral judgment, for the reason that it is too late to file a traverse after the hearing of the case is entered upon.
3. According to the statements in the answer of the county-court judge, there was no error in refusing to sustain the defendant's plea of former jeopardy. The right to have the issue, formed upon the plea of former jeopardy, submitted to a jury was waived by failure to object in time to the trial of that issue by the court.
4. Assignments of error in the petition for certiorari, which are meritorious, were not verified by the answer of the trial judge; and as no exceptions were filed before the case was sounded in its order upon the docket, the judge of the superior court properly disregarded them.
5. The evidence authorized the conviction of the defendant, and it was not error to overrule and dismiss the certiorari.

Certiorari; from Morgan superior court—Judge Lewis. September 13, 1909.

Argued October 25, 1909.—Decided April 19, 1910.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general, A. G. Foster,* contra.

RUSSELL, J. The plaintiff in error was convicted in Morgan county court of the offense of misdemeanor,—riding the mule of another without his consent. He sued out a writ of certiorari. The case was called (so far as it appears from the record) in its order upon the docket; and upon the hearing, September 10, 1909, the judge of the superior court orally overruled and dismissed the certiorari. The judgment was not reduced to writing until September 13, 1909, and it was signed by the judge after the petitioner in certiorari had filed, on his own motion, exceptions to the answer and a traverse of certain portions thereof. The judgment entered by the judge on the 13th, however, was to the same effect as that orally pronounced on the 10th.

1-2. While it is true that the oral statement of the judge as to the certiorari, on September 10, was not a binding judgment, the plaintiff in error can not complain of the refusal of the judge to consider the exceptions and traverse, filed September 13. The

ruling upon the certiorari, until reduced to writing, was in the breast of the court, and subject to be changed or modified as the judge might think proper. The oral pronouncement did not become a judgment until September 13. The point, however, is that at the time when the judge announced that he overruled the certiorari, it was already too late for the plaintiff in certiorari either to except to the answer of the magistrate or to traverse it. Even if the judge had been willing to allow the traverse or the exceptions to be filed, or to consider them, or either of them, on the 13th of September, it would have been a matter addressed entirely to his discretion as to whether he would reopen the case for the purpose of allowing the traverse to be filed. We doubt if a judge can consider exceptions or a traverse filed after the time prescribed by law, without the express consent of the adverse party. But even if he possessed a discretion in this respect, the exercise of that discretion will not be interfered with by this court. The Civil Code, §4647, requires that exceptions to the answer to a writ of certiorari shall be filed in writing, and notice given the opposite party before the case is called in its order for hearing. There is no insistence in this case that the exceptions were filed and notice given in due time. The answer must be traversed *before* the hearing. Civil Code, §4651. But it is insisted here that the judge erred in not permitting a traverse *after* the hearing. We can not concur in this opinion.

3. If the facts in relation to the plea of former jeopardy filed in the county court were as stated in the petition, the judge of the superior court would have erred in overruling the certiorari. Unfortunately, however, for the plaintiff in error in this case, the answer of the judge of the county court, in legal contemplation, must and does recite the truth as to what actually transpired in relation to the plea of former jeopardy. If the plea of former jeopardy had been disposed of in the manner contended by the counsel for the plaintiff in error, the defendant should have been discharged, because, under the decisions in *Franklin* v. *State, 85 Ga.* 570 (11 S. E. 876), *McFarlin* v. *State,* 121 *Ga.* 329 (49 S. E. 267), *Hill* v. *State, 122 Ga.* 166 (50 S. E. 57), and *Massey* v. *State* 124 *Ga.* 24 (52 S. E. 78), the defendant had been placed in jeopardy. The jury which had been empanelled and sworn, and which was discharged by the judge upon his own motion, was a qualified

jury. According to the answer, the fact that two of the jurors selected were on the grand jury that found the indictment had been waived by the defendant. He had declined to strike them, although by the exercise of ordinary diligence he could have known that these two jurors had been members of that body. According to the answer of the judge of the county court, what actually transpired was as follows: After the jury had been stricken and sworn, it was ascertained that two jurors were members of the grand jury that returned the indictment. The court inquired of the counsel for the defendant whether he would go to trial with the jury as it stood, or with a jury consisting of the remaining four jurors, and stated that if he would not consent, the court would give him a full panel of qualified jurors to select from. Counsel for the defendant refused to go to trial before the jury as stricken, or before a jury of four men, and added that he "wanted a qualified jury to try the case." The court then stated that if the counsel for the defendant would agree to strike another jury, he would have the sheriff summon two qualified jurors to take the place of the two disqualified jurors. The answer states that counsel for the defendant *agreed* to this, and that a full panel of twelve qualified jurors was made up and the jury stricken therefrom, and that no further objection was made. It further appears, from the answer, that the finding upon the issue made by the traverse of the plea of former jeopardy was in accordance with the above stated facts,—the real issue being whether the defendant consented to the discharge of the first jury.

There is no point in the objection that the plea of former jeopardy should have been submitted to the jury; for the reason that the answer shows that the defendant waived any right he might have had to have the plea of former jeopardy tried by a jury, by failing to object to the issue being determined by the court. Inasmuch as there was a demand for trial by jury, he was entitled to have the issue upon the plea of former jeopardy submitted to the jury as one of the incidents of the trial in the main case. But although he had demanded trial by jury, and this included the right to have a jury trial upon the plea of former jeopardy as one of the issues submitted in the case, he can not complain that the plea of former jeopardy was not submitted to the jury. By failing to object to the judge's passing upon the plea of former jeopardy and by neglecting to insist upon his demand for a jury trial, he must be

held to have waived his right to have the issue passed on by a jury. A party can not sit by and fail to object, when objection should be made, and not be held to have waived a right upon which it was his duty to insist.

4. Some of the exceptions taken by assignment of error in the petition for certiorari are meritorious, but the judge of the superior court did not err in disregarding them, as they were not verified by the answer, and no exceptions were filed to the answer.

5. The evidence authorized the conviction of the defendant, in view of the fact that the untraversed answer of the county court judge negatived and eliminated the assignment of error in regard to the plea of former jeopardy. The answer is necessarily controlling. It either denied or failed to verify each and every assignment of error in the petition for certiorari. For the reasons stated in the first division of the opinion, the traverse and exceptions came too late. Consequently it was not error to dismiss the certiorari.

*Judgment affirmed.*