### 2779. ROSENFIELD COMPANY v. HIGH COMPANY.

The answer of the magistrate having verified the statement of the petition for certiorari that the petition was presented for sanction within 30 days from the date of the trial, it was error to dismiss the certiorari upon an oral motion setting up, as ground for dismissal, that it did not appear from the record that the certiorari had been brought in time.

DECIDED JANUARY 24, 1911.

Certiorari; from Fulton superior court—Judge Pendleton. May 19, 1910.

*Walter O. Marshburn,* for plaintiff in error.

RUSSELL, J. The petition for certiorari failed to give the date upon which the trial in the justice's court was held and the judgment rendered of which complaint was made. As referring, however, to the date of the original trial, it was stated that the petition was presented "within the 30 days after the final determination of the said cause." The answer of the justice of the peace avers that the facts set out in the petition are correctly set out There being no qualification or limitation of this statement, it must be conclusively accepted as complete verification of all the matters of fact stated in the petition. One of these is that the petition was presented within the 30 days; and we conclude, therefore, that our decision should be controlled by the rulings in *Bonds* v. *Berdett,* 113 *Ga.* 113 (38 S. E. 304), and *Landrum* v. *Moss,* 1 *Ga. App.* 216 (57 S. E. 965). In these cases the exact date of the judgment of the inferior judicatory was not stated in the petition, but did appear in the answer; and from the latter it was determinable that the petition was presented within the 30 days. In the present case the date of the judgment does not appear in the answer of the magistrate, but he does verify as a fact the statement that the judgment was rendered within the 30 days prior to the sanction of the judge of the superior court. The source of information in each case is the answer of the justice, and the result reached (certainty that the court has jurisdiction of the subject-matter) is the same. A case which seems directly in point is that of *Evans* v. *Forsyth,* 126 *Ga.* 589 (55 S. E. 477), in which it was held that "Where a petition for certiorari complaining of a judgment of a mayor and aldermen recited that the judgment was rendered 'on the———day of———————190—,' and that the petition was presented within thirty days from the rendition of the judgment, and that it

was duly verified and sanctioned, this was sufficient to show prima facie that the application was brought in due time; and it was error to dismiss the certiorari on the ground that the petition did not show on its face the date of the judgment." *Judgment reversed.*