### 4362. CHANDLER *et al.* *v.* BAGGETT *et al.*

RUSSELL, J.　1. Exceptions to the answer to a petition for certiorari must be filed in writing, and notice thereof given to the opposite party before the case is called in its order for hearing. Exceptions to the answer and traverse of the answer are both means for perfecting it, and of presenting to the reviewing court what actually occurred upon the trial in the lower court. But if both exception and traverse are filed in the same case the court should act on the exception before disposing of the traverse. Civil Code, § 5196; *Thomas* v. *State*, 7 *Ga. App.* 638 (67 S. E. 894).

2. If no notice of the exceptions is given the opposite party until after the trial upon the traverse, the exceptions are too late, and may properly be stricken.

3. A traverse to the answer to a petition for certiorari is sufficiently definite when the particular portion of the answer which it is sought to contradict and disprove is specifically referred to and denied, and it is positively stated that a specific portion of the petition, identified by reference thereto, relates the truth with regard to the point at issue. Civil Code, § 5200.

4. The refusal of a trial judge to approve a certain portion of a brief of evidence is not proper subject-matter of review by means of a motion for a new trial, nor can such refusal be reviewed by direct exception. The remedy, if any, is to be found in a petition for mandamus.

5. A final determination of the merits of a certiorari can not be had until the issue formed upon the traverse to the answer of the inferior tribunal whose judgment is under review has been correctly adjudicated. The office of the traverse to the answer of an inferior judicatory is to contradict the statements of the lower court as to what actually transpired upon the trial; and if the facts thus disputed are material to the issue, the reviewing court can not properly pass upon the merits of the case until it has ascertained what is the truth in relation to these facts.

6. The court erred in striking the traverse to the 8th and 9th paragraphs of the answer of the chairman of the board of county commissioners, but exceptions to this ruling were not preserved by filing exceptions pendente lite, and the ruling is not reviewable by a motion for a new trial.　　　*Judgment affirmed.*

DECIDED AUGUST 30, 1913.

Certiorari; from Rockdale superior court—Judge Roan.  June 1, 1912.

*A. C. McCalla, A. M. Helms,* for plaintiffs in error.
*J. R. Irwin, J. E. & L. F. McClelland,* contra.