*Frank P. Stockton, Morris Macks,* contra.

---

### 14698.   SMITH *et al.* v. JOHNSON.

The trial judge in his original answer to the writ of certiorari, and in his response to the exceptions to the answer, having stated that because of the lapse of time he could not remember what happened on the trial of the case, and for that reason could not answer, and the answer of the trial judge being "the only medium through which error can be shown," the judge of the superior court properly overruled and dismissed the certiorari, and rendered final judgment in favor of the defendant in certiorari.

DECIDED OCTOBER 3, 1923.   REHEARING DENIED NOVEMBER 14, 1923.

Certiorari, from Fulton superior court—Judge Bell. April 3, 1923.

*Morris Macks,* for plaintiffs in error.

*Arminius Wright,* contra.

BLOODWORTH, J.   E. F. Johnson sued H. Smith and Joel Rausin, doing business as American Roofing & Paint Company, in the municipal court of Atlanta, on an account, and obtained judgment against them. Defendants filed a petition for certiorari in the superior court, and writ of certiorari issued from that court, directed to the trial judge, who answered: "Because of the lapse of time your respondent does not remember what happened on the trial of this case, and for that reason cannot answer." Plaintiff in certiorari excepted to this answer, the exceptions were sustained, and the respondent was directed to answer again the petition for certiorari. In his second answer the trial judge reiterated the fact that "on account of the lapse of time your respondent does not remember what happened on the trial of this case, and for this reason cannot answer." Plaintiffs in certiorari then presented to

the judge of the superior court "their petition for the respondent and the defendant in certiorari to show cause . . why the petition . . should not be taken as true, inasmuch as the memory of the respondent had lapsed, there being a hiatus in the law to meet such an emergency; the Civil Code of Georgia of 1910 providing in section 5202 that in the event the magistrate or judge of the inferior court, before whom the case was tried, die before answering the writ of certiorari, it shall be the duty of the judge who granted the writ of certiorari forthwith, either in term time or vacation, to order a new trial to be had upon the case in the court below." A rule was issued by the judge of the superior court, requiring the respondent and the defendant in certiorari to show cause why movant's prayers should not be granted. Respondent and defendant in certiorari both answered, "and petitioners filed their demurrer and also their traverse to the answer filed to the rule nisi." The judge of the superior court, in separate orders, dismissed the rule nisi, struck the traverse to the answer of the trial judge and defendant to the rule nisi, struck the demurrer to the rule, and overruled and dismissed the certiorari and rendered final judgment in favor of E. F. Johnson, defendant in certiorari, and against Smith and Rausin, the original defendants in the trial court, later plaintiffs in certiorari and now plaintiffs in error. To each of the above rulings the plaintiffs in certiorari excepted, and now except and assign error thereon; and "error is further assigned upon the judgment of the court overruling and dismissing the certiorari and rendering final judgment, for the reason that the court erred in dismissing the rule nisi, and in dismissing and striking the demurrer and traverse to the answer to the rule nisi."

1. The case of *Colbert* v. *State,* 118 *Ga.* 302 (45 S. E. 403), is particularly and peculiarly applicable to the case under consideration, both as to the facts and as to the language of the court in delivering the opinion. In that case the trial judge, in response to the writ of certiorari, answered (p. 303): "Respondent says further that he cannot now recall the evidence introduced at the trial of the case," and the Supreme Court said (p. 305): "We know of no adequate remedy for such a case as this. . . In a case like the present, where the infirmity in the answer is owing to an infirmity of memory on the part of the trial judge, we know of no remedy which the law affords to the applicant for certiorari,

however unfortunate it may be for him that the judge who tried the case is unable to remember what occurred at the trial. That there ought to be a remedy in such a case we have no doubt, but until the lawmaking power provides one, an application for certiorari seems to be remediless when the judge who tried the case is unable, through lapse of memory, to furnish a reviewing court with a statement of the facts which occurred at the trial." The headnote in that case (p. 302) is as follows: "When upon the trial of a certiorari case none of the assignments of error made in the petition for the writ can be determined without considering the evidence introduced in the lower court, and the answer of the judge of such court fails to disclose in any way what the evidence was, the judge of the superior court, upon the hearing of the certiorari, cannot do otherwise than to overrule the same." In the case of *Buckner* v. *State,* 115 *Ga.* 238 (41 S. E. 583), the principle involved was the same as in the one now under consideration, and the Supreme Court in that case said (p. 239): *"The only medium* through which error can be shown is the *answer* to the certiorari; and if the answer does not disclose any error, an affirmance of the judgment necessarily results." (Italics ours.) And the court said (p. 240): "The fact that the accused may have been without a remedy cannot alter the well-settled rule, founded upon obvious considerations, that in certiorari cases the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings made must be derived. If the accused was improperly convicted, it is certainly unfortunate that the judge before whom he was convicted could not, in answering the certiorari, remember what occurred at the trial. It is immaterial that counsel for the accused may have been responsible for the delay which seems to have been the occasion of the loss of memory. It was not necessary for the judge to give any reason for his want of recollection. He answers that he does not remember what occurred, and that is an end of the whole matter. Under such an answer the judge of the superior court could not have done otherwise than to overrule the petition for certiorari."

It matters not that plaintiff in certiorari failed to except to the answer in the *Buckner* case, supra, while the plaintiff in certiorari did except to the answer in the case under consideration. The answer of the trial magistrate in response to the exceptions in the

instant case was in effect the same as his original answer, and therefore the same status exists as if there had been no exceptions to the answer filed. This being true, the same "infirmity in the answer" exists for which, as stated in the *Colbert* case, supra, "we know of no remedy." "The only medium through which error can be shown is the answer to the certiorari, and if the (second) answer does not disclose any error" the situation is not benefited by the exceptions having been filed, and "an affirmance necessarily results." We therefore hold that the trial judge in his original answer to the writ of certiorari, and in his response to the exceptions to said answer, having stated that because of the lapse of time he could not remember what happened on the trial of the case and for that reason could not answer, and the answer of the trial judge being "the only medium through which error can be shown," the judge of the superior court properly overruled and dismissed the certiorari, and rendered final judgment in favor of the defendant in certiorari.

2. Because of the foregoing ruling the other questions raised by the assignments of error become moot.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*