### 14963.   KILPATRICK *v.* SMITH.

In a certiorari case the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings therein can be derived by the reviewing court.

DECIDED APRIL 16, 1924.   REHEARING DENIED MAY 13, 1924.

Certiorari; from Fulton superior court—Judge Humphries. June 28, 1923.

Application for certiorari was denied by the Supreme Court.

*V. H. Gaddis, A. W. White, Neufville & Neufville,* for plaintiff in error.

*Philip Weltner,* contra.

BLOODWORTH, J. This court cannot say, under the record as brought to it, that the judge of the superior court erred in overruling the certiorari in this case. Basing its ruling on that of the Supreme Court in *Buckner* v. *State,* 115 *Ga.* 238 (41 S. E. 583), and *Colbert* v. *State,* 118 *Ga.* 302 (45 S. E. 403), this court, in *Gilmore* v. *Georgian Company,* 17 *Ga. App.* 759 (88 S. E. 416), held that "in a certiorari case the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings made therein can be derived." In the record we are now considering the answer of the judge who tried the case is not specified as material to a clear understanding of the errors of which complaint is made, and it does not appear in the record, nor does it appear that any answer was ever made. However, there is specified as material "the agreement of counsel to use the

petition for certiorari as a true statement of facts." Even this agreement was not incorporated in the record. But under the ruling in the foregoing cases, if it were before us it would avail plaintiff in error nothing. It is possible, though hardly probable, that a case might arise where counsel would agree upon a statement of facts in direct conflict with the answer of the judge who tried the case.

　　　*Judgment affirmed.　Broyles, C. J., and Luke, J., concur.*

### ON MOTION FOR REHEARING.

. BLOODWORTH, J. In the motion for a rehearing in this case the plaintiff in error "most respectfully asks this court to vacate its judgment of affirmance of April 16, 1924, in said case, grant a rehearing, require the clerk of the superior court to send up the record in the case, and permit the suggestion of the diminution of the same should the record so sent up fail to meet the technical requirements made and provided, all of which is hereby prayed by reason of and upon the following grounds:

　"First: (*a*) Because it seemingly appears that the court overlooked the fact that it had before it no record on which to base a judgment of affirmance. (*b*) Because it seemingly appears that the court overlooked the fact that what purported to be the record in said case was a copy of a certiorari which had been sustained by Judge Geo. L. Bell, judge of the superior court, on a prior date, and the effect of the affirmance of this judgment would be to approve the grant of a new trial. (*c*) Because it seemingly appears that the court overlooked the fact that this appeal was taken from the judgment and order of the Honorable John D. Humphries, judge, of [on?] June 28th, 1923, whereas it appears that the judgment affirmed was that of Judge Geo. L. Bell, of Fulton superior court on November 21, 1922. (*d*) Because it seemingly appears that the court overlooked code section 6159 (Park's), subsections four and five."

From this motion it appears that in this case there have been two petitions for certiorari, one of which was heard by Judge George L. Bell, who sustained the certiorari, and the other by Judge John D. Humphries, who overruled the certiorari. When this court originally entered upon a consideration of this case there was nothing in the record to show that the wrong record had been sent up. It is true that there is in the record a judgment

signed by Judge Bell on November 21, 1922, but this was not "intituled in the cause," and was a judgment sustaining a certiorari, whereas the bill of exceptions shows that the judgment excepted to was rendered June 28, 1923, and was an order overruling the certiorari. In their briefs counsel for each party argued the case in which the certiorari had been overruled. It was patent that the judgment in the record was not the one excepted to, because had that judgment been rendered in this case, as it was in favor of plaintiff in error, he would not have excepted to it. Before this court first passed upon the case the propriety of ordering sent up the judgment of June 28, 1923, was discussed, but inasmuch as it was apparent that the order in the record was not the one excepted to, and as it was also apparent, as shown by the opinion of this court, that there was in the record no answer by the judge who tried the case, and as the record did not show that any answer was ever made by said judge, the judgment was not ordered sent up. To have had this judgment before us would have availed nothing. The record showed no answer, and the only thing this court could do was to affirm the judgment excepted to, and it mattered not whether that judgment was one overruling or sustaining the certiorari. The effect of the judgment of this court is to affirm the judgment rendered June 28, 1923, that being the judgment overruling the certiorari and which is named in the bill of exceptions, and the one referred to in the briefs of counsel for both parties.

In the motion for a rehearing it is insisted that this court did not have before it the proper record in this case. Counsel before arguing their cases should see to it that the records which come to this court are correct; and if incorrect or incomplete, they should take such legal action as may be necessary to have correct records before the court. After the case is argued and the court has announced its decision it is too late to require the clerk of the superior court to certify and send up a record entirely different from that originally brought up. The object of granting a rehearing in this court is to enable the court to correct any error it may have committed in the case made by the record then before it, and not to enable counsel to have a new and entirely different record brought up. The members of this court are earnest in their desire to have the records on which they pass absolutely correct, and

this end can be attained only by the help and co-operation of those who prepare these records. We would suggest to the lawyers and to the clerks of the various courts that they look more closely after the records that are sent to the appellate courts. Hardly a day passes that the members of this court (and we presume the same is true of the members of the Supreme Court) do not discover errors in copying that would be detected and corrected by the attorneys and clerks if they took the time to carefully read the transcripts of the records before transmission of the transcripts to the appellate courts.

We could call attention to many of these "oversights," but two will suffice. The first of these is in a case from the court from which the case now under consideration came. In that case the following is found in the bill of exceptions: "And upon hearing and after argument upon said exceptions of law by the plaintiff, the court did thereupon enter an order *sustaining* said exceptions of law; said order being as follows: 'The within exceptions of law coming on for a hearing after argument the same is hereby *overruled*. This March 28, 1923. Geo. L. Bell, Judge Superior Court Atlanta Circuit.' To the ruling and judgment of said court in *sustaining* said exceptions of law the defendant then and there excepted." (Italics ours.) The other is from a different court, and the record in that case shows that during the trial an ordinance was offered in evidence and objected to. Counsel asked that the discussion of its admissibility be argued in the absence of the jury. The record shows that "when said ordinance was offered in evidence the court directed that the jury be *executed,* and the jury was *executed."* (Italics ours.) We can readily see that there are times when the judge should "excuse" a jury, but we know of no authority that he has to direct the *execution* of a dozen men without the semblance of a trial. The record from which we have just quoted says, "and the jury was executed." Our curiosity is aroused to know who acted as executioner.

*Rehearing denied. Broyles, C. J., and Luke, J., concur.*