## 16987.   MACRIS *et al.* v. TSIPOURSES.

BELL, J.  1. Exceptions to the answer of the trial judge in a certiorari case must specify the defects. "They must be so definite, apt, and certain that the magistrate may be able to understand the exact nature of the deficiency that he is called upon to supply." *Landrum* v. *Moss*, 1 *Ga. App.* 216 (5) (57 S. E. 965). Some of the exceptions to the answer in this case were devoted exclusively to argument, or to a criticism of the judge's motives and conduct in failing to answer differently. None of them were sufficiently definite in pointing out the deficiencies which the petitioner in certiorari sought to have remedied. The court did not err in striking the exceptions. Compare *Ellis* v. *Jones*, 144 *Ga.* 120 (4) (86 S. E. 317); *Perkins* v. *Morgan*, 107 *Ga.* 835 (2) (33 S. E. 705); *Royston* v. *Royston*, 29 *Ga.* 82 (1).

2. The proffered amendment to the exceptions, having been disallowed, and not having been made by order a part of the record, could not be specified as such in the bill of exceptions; and having been brought to the attention of this court in no other way, it can not be considered. *Sutherland* v. *Donovan*, 34 *Ga. App.* 643 (130 S. E. 688).

3. A "so-called *traverse* of the answer, which on its face shows it to be really *exceptions* to the answer," was properly stricken. *Anthony* v. *Consolidated Film &c. Co.*, 18 *Ga. App.* 411 (2) (89 S. E. 428).

4. An incomplete answer to a writ of certiorari can be perfected only by exceptions taken thereto in the manner prescribed by the Civil Code (1910), § 5196. *Ford* v. *Toomer*, 116 *Ga.* 795 (43 S. E. 45); *Peeples* v. *Tygart*, 6 *Ga. App.* 409 (65 S. E. 167). The answer having failed to verify the only assignments of error on which the judge of the superior court would have been authorized to sustain the writ, and the exceptions and the traverse having been rightly stricken, there was no error

in refusing a subsequent "oral motion to strike the answer and to require the respondent to reanswer," nor in dismissing the petition. *Thomas* v. *State*, 7 *Ga. App.* 637 (4) (67 S. E. 894); *Pitts* v. *Simpson Grocery Co.*, 15 *Ga. App.* 617 (83 S. E. 1102).

5. Furthermore, where the only assignments of error on which (if verified) the superior court would have been authorized to sustain the certiorari related to matters dehors the record, and were answered by the trial judge with the statement that "respondent can not verify the truth of any of these paragraphs, because he does not recollect them sufficiently to make answer thereto," such statement of the trial judge is not subject to traverse, and "it is useless to sustain the exceptions to the answer and to require him to respond more fully. Where such an answer is filed, the judge of the superior court, upon the hearing of the certiorari, can do nothing but overrule the same. *Colbert* v. *State*, 118 *Ga.* 302, 305 (45 S. E. 403)." *Gilmore* v. *Georgian Co.*, 17 *Ga. App.* 759 (88 S. E. 416); *Hicks* v. *Lindsey*, 22 *Ga. App.* 674 (2) (97 S. E. 101); *Smith* v. *Johnson*, 31 *Ga. App.* 45 (119 S. E. 916). The rule would not be different in a civil case merely because the trial was stenographically reported, where neither party had procured, and the petitioner in certiorari had declined to procure, the stenographer to transcribe his notes. In such case the trial judge could not be *required* to obtain such transcript or to have the notes read to him, at the cost of one or both of the parties, although, if he had seen fit, he might have done so. Ga. L. 1914, p. 181, § 5; Civil Code (1910), §§ 4984, 4985; *Central Railroad Co.* v. *Robertson*, 92 *Ga.* 741 (18 S. E. 986). The case of *Bugg* v. *State*, 13 *Ga. App.* 672, in which it was said that the judge might for himself require the notes of the official stenographer to be written out at the public expense, was a (misdemeanor) criminal case, and the State, the bearer of the "public expense," was a party. See Penal Code (1910), § 810. The court could not assess such cost against the public treasury in a civil case between private parties.

　　　　*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1926. REHEARING DENIED SEPTEMBER 20, 1926.

Certiorari; from Fulton superior court—Judge Bell. October 19, 1925.

*Morris Macks*, for plaintiffs in error.

*John W. Crenshaw*, contra.