22031, 22032.   ESLINGER *v.* FLYNN; and *vice versa.*

DECIDED JUNE 14, 1932.

*William E. Mann, W. Gordon Mann,* for plaintiff.
*T. G. Head,* for defendant.

LUKE, J.   J. W. Eslinger sued out a possessory warrant in a justice's court against R. F. Flynn.   Judgment was rendered in favor of Eslinger, and by certiorari Flynn carried the case to the superior court.   Eslinger made a motion to dismiss the certiorari on the ground that the answer of the justice of the peace to the writ of certiorari "did not show what disposition was made of the case in the court below;" "did not show that there was any judgment against R. F. Flynn in the justice court;" "did not verify the statement in the plaintiff's petition that a judgment was rendered against him in the court in which the case originated;" and "that the superior court therefore had no jurisdiction."   The judge of the superior court overruled the motion to dismiss the certiorari, and sustained the certiorari and ordered a new trial.   Eslinger, defendant in certiorari, excepted and assigns error here on the overruling of his motion to dismiss the certiorari, on the grounds set out in the motion; and also assigns error on the judgment sustaining the certiorari, on the ground that since the answer of the trial magistrate did not show the judgment rendered or verify the allegation of the plaintiff's petition in this respect, the superior court had no jurisdiction of the case and consequently no legal right to order a new trial.   In a cross-bill of exceptions Flynn, plaintiff in certiorari, assigns error upon the judgment of the superior court ordering a new trial, and avers that "the court erred in not making a final determination of said cause in his favor."

The answer of the trial magistrate adopted and certified certain copies of the proceedings in the petition for certiorari "as true copies of all the proceedings in said case;" but it did not adopt the allegations of the petition as a whole, and nothing adopted or embodied in his answer showed his final judgment in the case.  "The

magistrate's answer to the writ of certiorari sued out in the present case did not verify the statement in the plaintiff's petition that a verdict and judgment were rendered against him in the court in which the case originated, or disclose what disposition (if any) was made of the case in that court. The judge of the superior court had, therefore, no jurisdiction to sustain the certiorari." *Garrett* v. *McIntosh*, 116 *Ga.* 911 (43 S. E. 260) ; *Stoner* v. *Magins*, 116 *Ga.* 797 (43 S. E. 45) ; *Thompson* v. *Becham*, 2 *Ga. App.* 84 (58 S. E. 311) ; *Landrum* v. *Moss*, 1 *Ga. App.* 216 (6) (57 S. E. 965). It necessarily follows that the court erred in overruling the motion to dismiss the certiorari and in thereafter sustaining the certiorari and ordering a new trial.

The foregoing ruling renders moot the issue raised by the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*