## KNOWLES *v.* COACHMAN.

1. When a case in a justice's court is appealed to and tried by a jury in that court, and the losing party carries it by certiorari to the superior court, no ruling made by the magistrate in the trial from the result of which the appeal to the jury was taken can be reviewed by the superior court.

2. Where in a petition for certiorari it is alleged that the magistrate erred in overruling certain specified objections to the introduction in evidence of the depositions of a named witness, and the answer of the magistrate, which is not excepted to, while stating that objections were made to such depositions and overruled, fails to disclose that these objections were those set forth in the petition, or what they were, such assignment of error can not be considered by the reviewing court.

3. The case not being one the determination of which necessarily depended upon a question of law which must have finally governed it, and there

being disputed issues of fact involved, the superior court erred in rendering a final judgment therein.

Submitted November 2, — Decided December 1, 1899.

Certiorari.　Before Judge Sheffield.　Randolph superior court.　May term, 1899.

*W. C. Worrill*, for plaintiff in error.　*Arthur Hood*, contra.

Fish, J.　1. Coachman sued Knowles upon a promissory note, in a justice's court.　The magistrate rendered a judgment in favor of the plaintiff.　The defendant appealed the case to a jury.　The jury found a verdict in favor of the defendant, and judgment was entered accordingly.　The plaintiff took the case by certiorari to the superior court, and upon the hearing in that court the judge sustained the certiorari, set aside the judgment of the court below, and rendered a final judgment in favor of the plaintiff; whereupon the defendant excepted.　In the petition for certiorari the plaintiff alleged that the justice of the peace, who presided at the trial, erred in overruling a demurrer to a plea filed by the defendant.　It was not alleged whether this ruling was made by the magistrate when he tried the case or when it was tried by the jury, but it is perhaps fairly inferable from the allegations of the petition that the ruling was made in the latter trial.　But from the answer of the magistrate it appears that this ruling was made by him, not when the case was tried by the jury, but when it was tried by the magistrate himself.　As the answer was neither excepted to nor traversed, the statements contained therein are to be taken as true.　A trial upon an appeal to a jury in a justice's court, like other appeal cases, is a de novo investigation.　Everything which occurred in the preceding trial, from which the appeal is taken, is wiped out, and the case proceeds as though it had never been tried before, no ruling therein upon the previous trial being of any binding force or effect.　When this case came on for trial by the jury, neither the plaintiff nor the magistrate was bound by the ruling made on the previous trial.　The only rulings of which the plaintiff could complain in his petition for certiorari were such as were made when the case was tried, upon appeal, by the jury.　As it does not appear from

the answer to the certiorari that on the trial by the jury any ruling in reference to the defendant's plea was made or invoked, the superior court could not consider that ground of the petition for certiorari which alleged that the magistrate erred in overruling the motion of the plaintiff to strike the defendant's plea.

2.   The petition for certiorari alleged that the magistrate, when the case was before the jury, erred in not sustaining certain specified objections made by the plaintiff to the introduction in evidence of the depositions of a witness named Browne Cornelison.   While the petition for certiorari states what these objections were, the answer of the magistrate simply states that objections were made, by the plaintiff, to the interrogatories of this witness, without stating, or in any manner indicating, what these objections were.   This court can not, and the judge of the superior court could not, legally know what objections the plaintiff made to the depositions of this witness, because the statements in the petition for certiorari, with reference to what these objections were, are not verified in any way by the answer of the magistrate.   *Gartrell* v. *Linn*, 79 *Ga.* 700.   Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below. If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided for by the law, can have it perfected.   If the plaintiff desires to controvert any statement contained in the answer, his remedy is to traverse the truth of the same.   In the present case, in order to have got the objections which he made to the depositions of this witness before the superior court, the plaintiff should have filed exceptions to the answer of the magistrate, specifying the defects in the same, and in this way have procured an order requiring the magistrate to perfect his answer.   The decision in *Marchman* v. *Todd*, 15 *Ga.* 25, is not authority to the contrary of what is now ruled.   The actual holding there both by the superior court and this court was, that the answer was sufficient, and therefore further answer was unnecessary.   The remark that the petition should be assumed as true if not fully answered was really obiter.

3.  The case not being one the determination of which necessarily depended upon a question of law, which must have finally governed it, and there being disputed issues of fact involved, the superior court could not lawfully render a final judgment therein.

*Judgment reversed.    All the Justices concurring.*