## 98.  PAYNE v. STEVENS.

1. The Civil Code, § 4161, provides under what conditions and circumstances a plaintiff in execution shall be liable and bound to pay the costs thereon; and where an execution for costs was levied upon the property of the plaintiff in execution, who thereupon filed an affidavit of illegality on the ground that the requirements of section 4161, rendering him liable, had not been complied with, and for these reasons moved to dismiss the levy, it was error in the justice to overrule the motion and to refuse to allow an appeal to a jury.

2. Where plaintiff in certiorari in due time filed exceptions to the answer of the magistrate, specifying certain parts of the record which had been omitted from the answer, and which were necessary to a proper decision of the errors complained of in the petition for certiorari (as indicated in the first headnote), it was error in the court to overrule said exceptions, and also to overrule and dismiss the certiorari.

Certiorari, from Gordon superior court—Judge Fite. March 7, 1906.

Submitted February 11,—Decided February 20, 1907.

*G. A. Coffee,* for plaintiff.

*T. W. Skelly, F. A. Cantrell,* for defendant.

HILL, C. J. From a confused and badly mixed record, we gather the facts in this case to be substantially as follows: The plaintiff in error took out a possessory warrant against C. M. Stone, and the constable executed the warrant by arresting the defendant and delivering him to the sheriff of the county, who, for some reason not apparent, turned him loose. The justice of the peace who issued the possessory warrant issued an execution for costs against the defendant, Stone. But the fi. fa. seems neither to have found Stone nor any of his property; whereupon the justice of the peace, in his praiseworthy endeavor not to lose his costs, amended the execution against Stone into an execution against Payne, the

plaintiff in the original suit. This cost fi. fa. was levied upon one horse, the property of Payne, and the constable took possession of the horse. Thereupon Payne, the plaintiff in error, filed an affidavit of illegality on various grounds, and, when the case came on to be heard, moved to dismiss the levy. The justice overruled this motion, and rendered a judgment finding the property subject. From this judgment an appeal was entered to a jury. The case was submitted to a jury, and they after deliberation being unable to unravel the tangle, a verdict was rendered, "We, the jury, agree to disagree," whereupon the justice declared a mistrial, stating that he would draw another jury to try said appeal. When, however, the case was called for trial, the justice decided that he would end the whole matter, and, on motion of counsel for J. B. Stevens, the constable who executed the possessory warrant, and who was entitled to some of the costs for which the fi. fa. was issued, dismissed the appeal. Whereupon the plaintiff in error, assuming the role of plaintiff in certiorari, with said J. B. Stevens as defendant in certiorari, filed his petition for the writ, to the superior court, and in his petition complained of the following errors: "(1) Said action of the court was error in dismissing said appeal, because it was contrary to law. (2) Because it was contrary to the facts and the principles of justice. (3) The court erred in not dismissing the levy, there being no judgment upon which to predicate the fi. fa. (4) The court erred in not dismissing said levy, the fi. fa. being in favor of J. T. Payne, and no levy ever having been made on the property of the defendant, of whom the cost should always be collected. (5) Because there never had been any search made for the property of the defendant, on which to levy said fi. fa. (6) The court erred because there had been no entry of nulla bona on said fi. fa. as to the defendant. (7) Because there never had been a case docketed or tried against the plaintiff or defendant. (8) The court erred in suffering said levy to proceed without authority of law, on the property of plaintiff in fi. fa. (9) Because the constable who made the arrest or levy was not entitled to any cost, because he refused to levy on the property of defendant C. M. Stone as pointed out by J. T. Payne, and for which said claim for cost was sworn out, and it was error for court to amend fi. fa. when it was before the jury, over the protest of counsel." The petition for certiorari was sanctioned by the judge of the superior

court, and the justice made the following answer to the writ: "There was no testimony introduced on the trial of this case. I dismissed the appeal upon the ground that this fi. fa. proceeding in said case was for the cost of a possessory warrant, and could not be appealed to jury in the justice court. I so held and dismissed the appeal." Before the call of the certiorari in the superior court, plaintiff in certiorari filed exceptions to this answer of the justice of the peace, calling attention to certain particulars in which the answer was incomplete. The judge of the superior court overruled the exceptions, and also overruled the certiorari, and refused to remand the case for a new trial. To this judgment the plaintiff excepted, and brings the case here for review.

We think the court erred in overruling the exceptions to the answer of the magistrate. We think the answer should have included the proceedings in the possessory-warrant case, and also the execution for costs, in order that the court might determine whether said execution was proceeding legally against the plaintiff in the possessory-warrant case. It seems, from the record in the case, that the execution for costs was originally against the defendant, Stone, in the possessory-warrant case, and that the execution was amended by the magistrate, over the objection of the plaintiff, so as to make it proceed against him for the costs, and was levied upon his horse. We know of no law which authorizes a magistrate, arbitrarily, to issue an execution against the plaintiff for the costs, when an execution for the costs has already been issued against the defendant. The Civil Code, § 4161, seems to regulate the payment of costs in a justice's court by the plaintiff, and is in the following words, "When an execution issued from a justice's court shall be returned by the proper officer, with an entry thereon that there is no property of the defendant out of which satisfaction of the execution can be made, the plaintiff in execution shall be bound and liable for the costs due thereon; and if the plaintiff, upon being notified of the return and the costs being demanded of him, shall fail or refuse to pay such costs, execution therefor may issue against such plaintiff." Because the conditions prescribed by this section of the code had not been complied with, the plaintiff in error, who was the plaintiff in the original possessory-warrant case, objected to the issuance of the execution against him by the justice.

The amount involved in this case is not large, and we think the

maxim "De minimis non curat lex," if such maxim was ever applicable to cases brought to this court or the Supreme Court, ought to turn the scale against the plaintiff in error, in his persistent battles over little things, if we entertained any doubt as to his liability for the costs. But under the facts of this record, we think the plaintiff in error was justifiable in resisting the exaction for this cost. While the *amount* involved aptly illustrates the comedy of "Much ado about nothing," yet the *principle* contended for is in harmony with the patriotic declaration, "Millions for defence, but not one cent for tribute." As the plaintiff in error, in his resistance to the payment of a small amount of what he regards as unjust costs, has cheerfully paid a much larger amount of just costs, we think his persistence in standing by his conviction, at the expense of his pocket, should be rewarded. We therefore reverse the judgment of the court in overruling the exceptions timely made to the answer of the magistrate to the writ of certiorari, and direct that the case be reinstated in the superior court, and that an order be entered by said court directing the magistrate to make a more complete answer to said writ in accordance with the exceptions filed by the plaintiff in certiorari to said answer, in order that the errors complained of in the petition for certiorari can be fully ascertained and determined. *Judgment reversed.*