## 434. HARDY *v.* HARDY.

1. Exceptions to the answer of the magistrate to a writ of certiorari, timely made in writing, and specifically pointing out the defects in said answer, should be sustained, where it appears that the omissions of the answer are of matters essential and material to a proper decision of the case by the reviewing court. The return of the magistrate to the writ of certiorari should include all the proceedings in the cause.

2. An unsworn verbal report made to the court by three persons selected by the parties to pending litigation, to settle the matters therein in controversy between them, can not legally be made the judgment of the court, where it appears that there was no order of the court referring the case to the three persons, and that said report was simply the opinion of the three persons, formed without hearing evidence, or giving the party against whom the report was made an opportunity of being heard or of contesting the truth of such report.

3. A judgment of a justice of the peace in a suit on an open account, not verified by the plaintiff, or proved by evidence, is unauthorized, and should be set aside on certiorari.

Certiorari, from Jasper superior court—Judge Lewis. March 29, 1907.

Submitted June 25,—Decided October 3, 1907.

*A. Y. Clement,* for plaintiff in error. *Doyle Campbell,* contra.

HILL, C. J.   W. G. Hardy sued Mrs. A. J. Hardy upon an open account in a justice's court.   On the day set for the trial, neither party being represented by counsel, they agreed to submit the matter in controversy to three arbitrators who were to make an investigation of the facts and make a report to the court, which report was to be made the judgment of the court.   The three arbitrators so called, without hearing any evidence, after a personal examination of the matters in controversy upon which the account was based, made a verbal report to the court, which report was made the judgment of the court.   This report was made without giving either party any notice thereof, and without any opportunity to be heard.   Thereupon the defendant, against whom the report was made and judgment was entered, petitioned the superior court for writ of certiorari, which was granted.   This petition set forth the following assignments of error:

"1.   The court erred in rendering judgment against petitioner, because, after said case was submitted to arbitration by agreement of parties, as hereinbefore set out, said case being with-

drawn from court for that purpose, said court had no jurisdiction to render judgment therein.

"2. The court erred in rendering judgment against petitioner, because, after agreement of withdrawal and submission to arbitration in the presence of the presiding magistrate, petitioner, having filed no plea, did not file one after said agreement, the purpose and effect of said agreement being to transfer said case from said court to said arbitrators chosen for adjudication; and consequently said court had no jurisdiction at the time it rendered said judgment, and petitioner was deprived of an opportunity to defend and has not had her day in court.

"3. The court erred in rendering judgment, because the presiding magistrate was from an adjoining district, it not appearing that M. P. Stone, N. P. and ex-officio J. P., was not present, and was disqualified to sit; said presiding magistrate sitting in said case without the knowledge or consent of petitioner, and after consent to arbitration as aforesaid, and petitioner had left the court grounds.

"4. The court erred in rendering said judgment, because there was no evidence or testimony under oath whatever upon which to base the judgment.

"5. The court erred in rendering said judgment upon the unsworn statement of said three unsworn arbitrators, who themselves had not heard one syllable of the evidence, and based their opinion solely upon rumor and their personal knowledge.

"6. The court erred in making the said unsworn statement of said unsworn arbitrators the judgment of the court.

"7. The court erred in making the opinion of said arbitrators the judgment of the court, because they had not determined and passed upon matters in controversy according to law, of which fact the court was cognizant, defendant not having any of her rights to a fair and impartial trial before said arbitrators."

The presiding magistrate made the following answer:

"Replying specifically to the allegations in said petition, respondent says: That M. P. Stone asked me to preside in the case, he being disqualified, and I was present on the day of the trial; and when court was opened before the case was called, Mr. Gordon Hardy and Mr. Will Smith prevailed with Mrs. A. J. Hardy and W. G. Hardy to pick three men from the crowd pres-

ent, to go out to Mrs. Hardy's house and estimate what lumber had not been used on the house and to report back to court, and also damage on any lumber used on house, if any. The men were Jim Pope, William Lloyd, and Walter Evans. W. G. Hardy agreed to take back all lumber unused, at the price she was to pay for it delivered at the house, and also whatever damages they said to give credit for it; and Mrs. Hardy agreed to the proposition and agreed to acknowledge to judgment to the balance; and they came back and reported to the court the lumber unused, but not any damages on house; and it was deducted and judgment entered up for the balance and costs."

Before the call of the certiorari in the superior court, the plaintiff in certiorari filed written exceptions to the answer, on the grounds, that it was insufficient and did not reply specifically to the allegations in the petition; that said answer did not deny or admit the material allegations in pars. 2, 3, and 4 of the petition, par. 2 alleging that the said judgment complained of was rendered by a notary public and ex-officio justice of the peace of an adjoining district, and without knowledge or consent of petitioner, after the verbal agreement to submit the case to arbitration, and after petitioner, relying upon said agreement, had gone home; par. 3 alleging that petitioner had not filed any plea to said suit in court, because she regarded the arbitrators as the tribunal to pass upon the matters in controversy, and had gone home, and she expected said arbitrators to notify her when and where they would hear evidence and determine the matter, and she did not know that they were going to report the matter to court without evidence, but thought they would hear her evidence and determine the matter out of court and give due notice to all parties; par. 4 alleging that neither party was represented by counsel, that submission to arbitration was in parol, that said arbitrators were not sworn, no evidence or sworn testimony was submitted to them, and petitioner was not notified when and where said arbitrators would hear evidence and pass upon the matters in controversy, and that said arbitrators made a verbal report to the court without having heard any evidence, said statement or report not having been under oath; whereupon judgment was rendered against petitioner by the presiding justice; that petitioner was not notified by the arbitrators, nor by the court, and had no opportunity to

present her case to the arbitrators or to the court. Petitioner further excepted to the answer on the ground that said answer did not embrace, nor was there sent up with it, any copy or copies of the proceedings had in the case. On hearing the exceptions, the court overruled the same, and rendered a judgment that the certiorari be not sustained, and also rendered final judgment against the plaintiff in certiorari.

1. We think the answer of the magistrate was incomplete in the particulars specified by the exceptions. The allegations of the petition as contained in pars. 2, 3, and 4, were material to the proper decision of the plaintiff's case, and she was entitled to a specific answer fully verifying these allegations. The allegations in a certiorari ought either to be fully answered, or assumed as true for the purpose of the decision; and if the answers filed are not full, they should be made so. Civil Code, §4647; *Marchman* v. *Todd,* 15 *Ga.* 25. We think also that the return of the magistrate was incomplete, in that it failed to certify and send up any of the proceedings in the case. Civil Code, §4637.

2. It is manifest that the so-called arbitration was in no sense statutory. If, under the facts stated and verified by the answer of the magistrate, the selection of the three men to make a report on the matter in controversy between the parties could be considered as a common-law submission of such matters to arbitration, surely a verbal report, made without having heard any evidence, and unsupported even by the verification of the arbitrators themselves, was wholly insufficient upon which to base a judgment against the defendant. Under an arbitration at common law, the award is binding on the party submitting; but the award in such case can only be made the foundation of an action, and is not entitled to be made a judgment of the court. *Crane* v. *Barry,* 47 *Ga.* 478; *Sisson* v. *Pittman,* 113 *Ga.* 168. There is no order of the court in this case submitting the matters in controversy, and the judgment is based upon the unsworn statement of three men selected by the parties, who arrived at their conclusion without evidence and without giving the parties an opportunity to be heard. The account sued on seems not to have been verified by the plaintiff in the justice's court. The alleged agreement by the defendant (plaintiff in certiorari), that she would "acknowledge to judgment" the report of the three men selected, appears to have been

made in the personal and not in the judicial presence of the justice, and was not therefore binding upon her as an admission made on the trial of the case in judicio.

We conclude that the justice erred in entering up judgment against the defendant, and that the judge of the superior court erred in not sustaining the certiorari and setting aside the judgment and remanding the case to the justice court to be tried according to some legal procedure.          *Judgment reversed.*