## 17836. ETHRIDGE *v.* TAYLOR.

The allegations of the petition for certiorari, by which it was sought to show error in the judgment of a justice of the peace overruling an affidavit of illegality, not being verified by the magistrate's answer, in which there was nothing to indicate that the execution attacked by the affidavit was proceeding illegally, and there being no traverse or exception to the answer, the superior court erred in sustaining the certiorari.

        DECIDED MARCH 16, 1927.

Certiorari; from Wilkinson superior court—Judge Park. November 23, 1926.

*Eli B. Hubbard,* for plaintiff in error.

JENKINS, P. J. A petition for certiorari was brought by the defendant in error, to review the judgment of a justice of the peace in overruling an affidavit of illegality interposed to the levy of an execution issued from the justice's court. The magistrate returned the following answer: "In reply to the certiorari in the case of W. A. Ethridge *vs.* Wes Taylor, all parties were legally notified and appeared at the regular term of court. Court was opened and Wes Taylor was called, but he refused to be sworn in the case. He also refused to have his witnesses called. He did not

---

Justices of the Peace, 35 C. J. p. 876, n. 49; p. 877, n. 58; p. 878, n. 83; p. 880, n. 23.

ask for any continuance of the case, and said he would not have anything more to do with it. After a lapse of four days my legal adviser told me there was nothing more I could do but to issue an execution, as neither Taylor nor his lawyer had made any move in the case. Therefore I proceeded to issue the execution. I claim that the defendant (Taylor) had had his day in court."

1. "Allegations in the petition for certiorari, not verified by the answer, are not to be taken as admitted, and present nothing for determination, either by the superior or the appellate courts." *Thompson* v. *Becham,* 2 *Ga. App.* 84 (58 S. E. 311), and cit. "Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below. If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided by law, can have it perfected. If the plaintiff desires to controvert any statement contained in the answer, his remedy is to traverse the truth of the same." *Knowles* v. *Coachman,* 109 *Ga.* 356, 358 (34 S. E. 607).

2. There being nothing in the answer of the magistrate to indicate that the execution was in fact proceeding illegally, and no exceptions being taken to the answer, and no traverse filed by the plaintiff in certiorari, it was error for the court to sustain the certiorari and grant a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*