## 18726. DAILEY *v.* YORK.

DECIDED NOVEMBER 17, 1928.

*Paul L. Lindsay,* for plaintiff in error.
*J. L. Mayson, C. S. Winn,* contra.

JENKINS, P. J. This was a petition for certiorari to review a judgment of the police committee of the general council of the City of Atlanta, finding the plaintiff in certiorari, a police officer of the city, guilty of charges preferred against him, and dismissing him from the police force. The only assignment of error contained in the petition for certiorari is that the verdict and judgment of the

police committee was not warranted by the evidence. The police committee answered, admitting the allegations of the petition as to what occurred on the trial, and the correctness of the brief of evidence attached to the petition, but denying that the verdict and judgment were unauthorized, and setting up conclusions reached by the committee from the evidence. The plaintiff in certiorari excepted to the answer and the portions thereof setting up the conclusions of the committee, and traversed the paragraphs of the answer wherein the committee denied the allegations of the petition as to its judgment not being authorized by the evidence. The judge of the superior court disallowed the exceptions and the traverse, and overruled the certiorari.

1. The office and purpose of exceptions to the answer of a trial magistrate to a petition for certiorari, and of a traverse thereto, are to perfect the answer so as to present to the reviewing court what actually occurred upon the trial. *Chandler* v. *Baggett,* 13 *Ga. App.* 333 (79 S. E. 179) ; *Ethridge* v. *Taylor,* 36 *Ga. App.* 609, 610 (137 S. E. 641). Accordingly, where the answer of the inferior tribunal admits the truthfulness of the allegations of fact contained in the petition for certiorari, and thus correctly presents to the reviewing court what occurred on the trial, it can not be considered harmful error to disallow exceptions and a traverse by the plaintiff in certiorari which merely raise immaterial questions as to conclusions of law set forth by the answer, even though such conclusions were improperly contained in the answer. *White* v. *Mandeville,* 72 *Ga.* 705 (2).

2. The evidence before the police committee authorized its finding, and since it has the approval of the superior court it can not be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*