20885. HOFFMAN *v.* THE STATE.

Decided December 18, 1930.

*Wallace B. Pierce, Benjamin E. Pierce, Albert G. Ingram, A. R. Williamson,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

Luke, J. Luther Hoffman was convicted under an accusation

which charged him with violating the prohibition law, by possessing and transporting intoxicating liquor, and was sentenced to work three months on the chain-gang. He excepts to the overruling of his motion for a new trial.

1. It appears from the record that the defendant had a store and residence on Twiggs street in the City of Augusta, Georgia; that the store and the residence were under the same roof and were next to each other, and were connected by a door; that on March 11, 1930, certain officers found fifteen gallons of "Old Log Cabin Bourbon whisky" in a cedar chest in the hallway of the defendant's residence; that he told the officers that the chest did not belong to him, but was the property of his mother, who was in North Carolina; that on January 22, 1930, officers searched his place but found no whisky there; that the officers then found twelve gallons of whisky at a negro's house across the street from the defendant's store; that the negro stated in the presence of the defendant that the whisky belonged to the defendant and not to himself, and that he was merely keeping it for the defendant; that the defendant denied that the liquor was his; and that the negro afterwards pleaded guilty to having the liquor.

The gist of the defendant's statement at the trial was that the chest containing the whisky was left at his house four or five months previously by his mother, and that he was keeping it and some other old furniture for her; that he had no key to the chest, had never looked in it, knew nothing about its contents, and knew nothing about the whisky before it was found by the officers; and that his brother-in-law and some other persons were staying at his house.

It is apparent from the foregoing that there was evidence to support the verdict, and that the trial judge did not err in overruling the general grounds of the motion for a new trial.

2. The first special ground excepts to an excerpt from the court's charge wherein his honor instructed the jury in substance that in misdemeanors there are no accessories, and that all who aid, assist, or abet in the commission of a misdemeanor are guilty as principals, and that the fact that the negro in whose possession the whisky was found was serving a sentence would not excuse the defendant if the jury found it was his whisky. The objection made to this instruction is that there was no evidence that the whisky

referred to was the defendant's property, and that it "unduly emphasized to the jury the self-serving declarations of an alleged accomplice, made after the crime was committed and after his arrest therefor and incarceration." None of the foregoing objections are valid, and the court did not err in overruling this ground.

3. The next special ground is that the following testimony was admitted, over the timely and appropriate objection that it put the defendant's character in issue when he had not first done so himself: "My name is Luke Brown. I am a city detective, police department, City of Augusta, Ga. I have been to Mr. Hoffman's place a number of times raiding for whisky, but I couldn't name the times. We have so many of these cases, I couldn't recall, so many different violations of the prohibition law." We think that this testimony was relevant and admissible.

The last ground complains that the evidence upon which the conviction is based is entirely circumstantial and does not exclude every other reasonable hypothesis than that of the guilt of the accused. This ground needs no consideration apart from the general grounds which have already been held not good.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*