### 21546. SMITH · v. ROSENBERG CORPORATION.

JENKINS, P. J. 1. "Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below. If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided by law, can have it perfected. If the plaintiff desires to controvert any statement contained in the answer, his remedy is to traverse the truth of the same." Knowles v. Coachman, 109 Ga. 356, 358 (34 S. E. 607); Ethridge v. Taylor, 36 Ga. App. 609, 610 (137 S. E. 641).

2. In the instant case the petition for certiorari averred that a judgment had been rendered against the plaintiff in certiorari, in a suit in the justice's court on open account, to which suit an answer had been regularly filed, without the introduction of any evidence by the plaintiff in the justice's court. The magistrate, in answering, set forth that the "petition is true as to the amount of judgment which was rendered, but is not true as to the evidence and proof which was submitted." The answer of the magistrate was subject to the exception taken by the plaintiff in certiorari, that it was too vague and indefinite, and failed to show what evidence, if any, was introduced in the magistrate's court; and it was error to overrule and dismiss the exceptions and overrule the certiorari. Hardy v. Hardy, 2 Ga. App. 530 (58 S. E. 779). The judgment of the court in so doing can not be affirmed on the theory that the exclusive remedy of the plaintiff in certiorari was to appeal to a jury in the superior court for a determination of the issues of fact involved in the justice's court, since if the magistrate entered judgment without requiring the plaintiff in that court to prove his account, the question involved was one of law and not one of fact.

Judgment reversed. Stephens and Bell, JJ., concur.

DECIDED JANUARY 14, 1932.

W. C. Munday, for plaintiff in error.

W. B. Beauchamp Jr., Dillon, Calhoun & Dillon, contra.