29056. SPRIGGS *v.* CRANE USED AUTO COMPANY.

DECIDED SEPTEMBER 16, 1941.

*Charles W. Anderson,* for plaintiff in error.

*Joseph M. Brown, J. Norwood Jones Jr.,* contra.

FELTON, J. Ralph Spriggs filed his application for certiorari, alleging substantially (1) that there came on to be tried a suit on a contract in writing for the sum of fifty dollars in the civil court of Fulton County, before a judge and jury; that a copy of the suit and contract was attached to the petition for certiorari; that at the return term petitioner filed his sworn plea and answer and a written demand for a jury trial; (2) that the case proceeded to trial and resulted in a directed verdict for the plaintiff, to which petitioner excepted on the ground that there was a fatal variance between the allegata and the probata, in that the suit was in the name of a corporation while the name used in the suit was a trade-name, and that the action was at no time amended to show the real plaintiff; (3) that all the evidence introduced by the plaintiff was the contract, but that during the qualification of the jury the plaintiff admitted that the name in which the suit was brought was merely an unregistered trade-name; (4) that the court then sustained an oral motion by counsel for the plaintiff to deny and shut off any testimony of the defendant to support his plea of failure of consideration, and that although the contract on its face waived all warranties, the terms of the contract were concealed from petitioner and that he relied on certain representations of the plaintiff, and that the said plea and answer otherwise set forth fraud, failure of consideration, misrepresentations, and the concealment of the true terms of the contract, the ruling being in effect that "one can not vary the terms of a written contract by parol" and was error; (5) that it was error to direct a verdict for the plaintiff because there was no such plaintiff; (6) that error is assigned on the refusal of the judge to allow the defendant to establish under his plea and

answer his contentions therein; in directing a verdict for a non-existent corporation, etc. The prayers were for the issuance of the writ of certiorari. The petition was sanctioned and the writ of certiorari issued directing the trial judge to certify and send up all the facts and proceedings in this case. The judge filed his answer, setting out substantially (1) that this was a suit on a note, a correct copy of which is attached to the petition for certiorari, together with the original petition therein; that the defendant filed an answer which is not set out in the petition for certiorari and the same is too lengthy and garbled for respondent to send down as a part of his answer in said case; (2) that on the trial the plaintiff introduced his note and notice of attorney's fees and rested; that the defendant undertook to introduce evidence at variance with the plain and unambiguous terms of the contract, which evidence the court excluded and directed a verdict for the plaintiff as appears in the petition for certiorari.

The plaintiff in certiorari filed his timely written exceptions to this answer, setting up substantially (1) that the answer is incomplete and not full for it does not deny or admit the truth of the allegations of the first paragraph and does not attach to said answer a copy of the answer filed in the court below; (2) that none of the evidence is set out in sufficient form or substance to inform the court as to the correctness of the ruling that it was inadmissible; (3) that the answer does not set forth the admissions of plaintiff's counsel that the words used in the suit to designate the plaintiff were a trade-name; (4) that the answer is incomplete in that it makes no answer to paragraphs 4 and 5 of the petition for certiorari.

The bill of exceptions sets out that the exceptions to the answer were argued, and a decision thereon reserved, and that at that time the certiorari itself was not argued; that thereafter, without passing on the exceptions to the answer, the judge of the superior court issued an order dismissing the certiorari. The plaintiff in error contends that his exceptions to the answer should have been passed on and sustained, and the trial judge required to complete his answer.

We think the judge of the superior court erred in not requiring the trial judge to complete his answer, and erred in dismissing the certiorari. In its present state there is nothing in the record which

presents any question for a determination by this court on the merits of the case. We have only the statements that the plaintiff in certiorari lost a case in the civil court of Fulton County which he thinks, for certain named reasons, he should have won, and the answer of the judge that the evidence sought to be introduced was inadmissible. If the answer of the judge is incomplete, and we think it is, where timely written exceptions are filed, it should be required that the answer be made complete. On the trial of a certiorari case, it is to the answer of the judge of the lower court, and not to the petition, that the superior court must look in order to ascertain what happened on the trial below. If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided by law, can have it perfected. The plaintiff in certiorari in the case at bar sought to pursue his legal remedy. He is entitled to have the answer of the trial judge corrected, and all of the proceedings in the trial court sent up to the superior court. *Payne* v. *Stevens,* 1 *Ga. App.* 266 (2) (57 S. E. 916); *Hardy* v. *Hardy,* 2 *Ga. App.* 530 (58 S. E. 779); *Staufer* v. *Missenheimer,* 26 *Ga. App.* 554 (106 S. E. 560). And see *Knowles* v. *Coachman,* 109 *Ga.* 356 (34 S. E. 607). The judge of the superior court erred in not sustaining the exceptions to the answer of the trial judge, and in dismissing the certiorari.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*