29958.   BENNETT *v.* CITY OF DALTON.
29973.   JONES *v.* CITY OF DALTON.

DECIDED APRIL 21, 1943.   REHEARING DENIED MAY 22, 1943.

*Grover C. Powell,* for plaintiff in error.   *Stafford Brooke,* contra.

BROYLES, C. J.   Fred Bennett and J. C. Jones were convicted in the recorder's court of the City of Dalton of the offense of "disorderly conduct;" their petitions for certiorari were overruled by the judge of the superior court and those judgments are assigned as error.   The two defendants were tried for violating sections 496 and 514 of the city's ordinances.   Section 496 reads as follows: "Quarreling or otherwise acting in a disorderly manner within the corporate limits of said city is prohibited."   Section 514 provides: "Disorderly conduct in city prohibited."

Each defendant testified for the other defendant and made a statement in behalf of himself.   Their testimony was that while they were quietly standing on the sidewalk, and offering a magazine named "The Watchtower" to those passing by, a man named Romines made an unprovoked assault and battery upon Jones which caused a large crowd to gather; that a policeman came up and arrested them and let Romines go; that neither of them was disorderly in any way and neither of them attempted to defend Jones against Romines' attack.   As shown by the answer of the recorder (and this part of the answer was not traversed or excepted to) the policeman testified as follows: "I noticed quite a crowd at the corner of Gordon and Hamilton Streets, Dalton, Georgia.   I noticed J. C. Jones and Fred Bennett in the center doing the talking in a loud and boisterous manner, creating quite a disturbance and causing a crowd to congregate.   The sidewalk was practically blocked, pedestrians up and down the street were having trouble

getting through. They were in the center doing the talking, and I knew if they would move on the crowd would break up. With this in view, I asked them to move on. They did not do so, and I told them they would have to move on or I would take them to police headquarters. They replied that they were doing the Lord's work and that they would have me locked up. After having asked them twice to move on, and they showing no willingness to do so, I carried them to the police headquarters and they were afterwards locked up." The defendants did not deny that the officer asked them to move on or that they refused to do so. It further appears that the policeman arrived on the scene after Jones had been assaulted by Romines, and it does not appear from the evidence that he knew that the assault had been made.

The testimony of the policeman authorized the recorder, sitting as both judge and jury, to find that the refusal of the defendants to move on, after having been directed to do so by an officer of the law, constituted disorderly conduct. In each case the overruling of the certiorari was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for movant in his motion for rehearing states: "The court in its opinion assumes the validity of the ordinances as applied. Its attention is directed mainly to the question whether the statute as applied infringes the constitutional provisions guaranteeing freedom of speech, freedom of press, freedom of worship, and religious liberty."

As stated in our opinion, "The two defendants were tried for violating sections 496 and 514 of the city's ordinances. Section 496 reads as follows: 'Quarreling or otherwise acting in a disorderly manner within the corporate limits of said city is prohibited.' Section 514 provides: 'Disorderly conduct in city prohibited.'" It is obvious from the language of these ordinances that they have no connection whatever with the infringement of the constitutional provisions guaranteeing the four freedoms specified by counsel in his motion. And the other grounds of the motion show no cause for a rehearing.

*Motion denied. MacIntyre and Gardner, JJ., concur.*