## 33111. LOOMIS v. CITY OF ATLANTA.

MacINTYRE, P. J. The plaintiff in error was accused, tried and convicted in the Recorder's Court of the City of Atlanta of disorderly conduct in the violation of an ordinance of the City, § 66-201 of the City Code of 1942, providing as follows: "In general—It shall be unlawful for any person to act in a violent, turbulent, quarrelsome, boisterous, indecent or disorderly manner, or to use profane, vulgar or obscene language, or to do anything tending to disturb the good order, morals, peace and dignity of the City." Thereupon he was sentenced to pay a fine of $50 and costs and in default of such payment to labor on the streets or public works of the City for 30 days. He applied to the Superior Court of Fulton County for a writ of certiorari to review a judgment overruling a demurrer to the accusation on the following grounds: 1. The ordinance is contrary to and in violation of the 1st amendment to the Federal Constitution as it is sought to have the ordinance construed and applied by the City in its attempt to make good the charge against the accused. 2. The ordinance is contrary to and in violation of the 14th amendment to the Federal Constitution which had the effect of making the 1st amendment applicable to the States, and which reads as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 3. The ordinance, as the City seeks to have it construed and applied, absolutely prohibits the exercise by the defendant of his said liberties of free speech and free assembly within the limits of the City of Atlanta without the permission of the Chief of Police and other police authorities and members of the police department of the said City and thus abridges his freedom of speech and assembly contrary to the provisions of the said quoted amendments. 4. The ordinance prohibits the free speech by the defendant of his liberties of free speech and free assembly by absolutely denying to him, if construed and applied as the City here seeks, the right of the people's bearing and sharing with him the cost of defraying the expenses of arranging for, advertising and holding peaceable assemblies with them in the City of Atlanta and of his collecting from the said people, in said meetings, the said cost of so arranging for, advertising and holding said meetings and of giving due effect thereto and to the voice of the people as expressed therein. 5. The ordinance, as the City seeks to have it construed and applied, also prohibits the free exercise by the accused of his liberties of free speech and free assembly by authorizing the Chief of Police and members of the police department of the City to invade private homes and private premises in the City when the accused is there engaged in the exercise of his constitutional rights of free speech and free assembly in meetings there assembled and to break up and disperse such meetings and arrest and take into custody

the accused on the pretext that such meetings and aassemblies tend to destroy the good order, morals, peace or dignity of the City. 6. The said ordinance denies to the accused, if construed and applied as the City seeks, the equal protection of law guaranteed him as aforesaid by the Constitution of the United States. 7. The ordinance, when construed and applied as the City seeks, does not furnish a sufficiently ascertainable standard of guilt, but leaves it to the Chief of Police and other police authorities and members of the police department of the City, magistrates, courts and juries to determine for themselves, in any given instance, the standard of guilt to be applied. Error was also assigned on the judgment finding the accused guilty and sentencing him as stated. The superior court sanctioned the petition for certiorari and the recorder filed his answer to the writ, but failed to set forth the evidence which was adduced upon the trial. The accused, without filing any exception to the answer and calling for any evidence to be sent up by the recorder, filed a traverse thereto in controversion of parts of the answer which did not purport to set forth any facts adduced upon the hearing. After upholding the constitutionality of the ordinance as against the grounds of the demurrer, the court, on motion of counsel for the City, dismissed the certiorari. The accused excepted, assigning error on the judgment overruling the demurrer, the refusal of the court to pass upon the traverse, and the judgment dismissing the certiorari. *Held*:

1. Whether or not the constitutional questions were properly raised in the recorder's court, it appears from the bill of exceptions, certified as true by the judge of the superior court, that the grounds of demurrer were passed upon in that court, and, accordingly, must be considered here upon a proper assignment of error. Home Insurance Co. *v.* Dick, 281 U. S. 397, 407 (50 Sup. Ct. 338, 74 L. ed. 926); Whitfield *v.* Ohio, 297 U. S. 431, 435-6 (56 Sup. Ct. 532, 80 L. ed. 778).

2. The ground of general demurrer that the ordinance in question was violative of the 1st amendment to the Federal Constitution is without merit, inasmuch as that amendment contains a prohibition against the Congress of the United States and not against the States.

3. The ground of general demurrer that the ordinance is per se violative of the 14th amendment to the Constitution of the United States is without merit. It is obvious from the language of the ordinance that it is not intended to prohibit or infringe upon the enjoyment or exercise of the constitutional freedoms or liberties asserted by the accused, but is a reasonable and valid ordinance. Bennett v. *City of Dalton*, 69 *Ga. App.* 438, 439 (25 S. E. 2d, 726). (Dismissed on appeal to U. S. Supreme Court, 320 U. S. 712, 64 Sup. Ct. 197, 88 L. ed. 418). "Civil liberties, as guaranteed by the Constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestricted abuses." Cox *v.* New Hampshire, 312 U. S. 569 (1) (61 Sup. Ct. 762, 85 L. ed. 1049, 133 A.L.R. 1306). See also Chaplinsky *v.* New Hampshire, 315 U. S. 568, 571 (62 Sup. Ct. 766, 86 L. ed. 1031).

4. Whether or not the ordinance is unconstitutional as alleged, as it is sought to be construed and applied by the city to the offense with which the accused was charged, rather than being unconstitutional per

se, can not be determined by this court, since it is not shown what acts were charged as constituting the offense of "disorderly conduct."

5. The assignment of error on the judgment finding the accused guilty, on the ground that the judgment was contrary to the principles of justice and equity, contrary to the evidence and without evidence to support it, presented nothing to the superior court for decision, inasmuch as the record did not clearly and definitely show the evidence on which the judgment was based. *Ballard* v. *Parker,* 119 *Ga.* 803 (47 S. E. 171); *Central of Georgia Railway Co.* v. *Potter,* 120 *Ga.* 343 (47 S. E. 924).

6. "Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below. If the answer is not full enough, the plaintiff in certiorari, by pursuing the course provided for by the law, can have it perfected." *Knowles* v. *Coachman,* 109 *Ga.* 356, 358 (34 S. E. 607). If the answer be subject to correction because it does not contain the evidence adduced upon the trial, the proper method to make it adequate and complete in that respect is by excepting thereto as prescribed by the Code, § 19-302. *Anthony* v. *Consolidated Film & Supply Co.,* 18 *Ga. App.* 411 (2) (89 S. E. 428); *Ford* v. *Toomer,* 116 *Ga.* 795 (43 S. E. 45). To contradict any statement in the answer the remedy is to traverse the truth of the same. *Nixon* v. *Growers Finance Corp.,* 42 *Ga. App.* 642, 644 (2) (157 S. E. 119). Accordingly, where as here, no exception was taken to the answer to the writ of certiorari because of the recorder's failure to set forth the evidence adduced upon the trial, but only a traverse thereto was filed, not contradicting any statement of fact in the answer of the recorder, since none was included therein, the superior court did not err in refusing to pass upon the traverse, and was not at liberty to rule upon the assignment of error upon the judgment finding the accused guilty. *Stoner* v. *Magins,* 116 *Ga.* 797 (1) (43 S. E. 45).

(a) *Phillips* v. *City of Atlanta,* 78 *Ga.* 773 (2) (3 S. E. 431), relied upon by the plaintiff in error as requiring the judge to pass upon the traverse, is not applicable here, as in that case the recorder included in his answer a statement of facts adduced upon the trial, and the traverse there contradicted the answer as to "certain matters of fact," and necessarily had to be passed upon.

7. Since the assignment of error upon the judgment finding the accused guilty could not be considered for reasons above stated, the superior court, after upholding the constitutionality of the ordinance, did not err in dismissing the certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided July 12, 1950. Rehearing denied July 26, 31, 1950.

*Homer L. Loomis Sr.,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* contra.