## 38672.   WEST v. THE STATE.

CARLISLE, Judge.  1.  The office of exceptions to the answer of the magistrate to a petition for certiorari is to specify defects in such answer, and such exceptions do not take the place of a traverse to the answer whose office is to controvert the truth of the facts set forth in the answer.   *Code* §§ 19-302 and 19-403.   *Baggs-Langford Motor Co. v. Lewis,* 34 Ga. App. 205 (1) (129 S. E. 16); *Smith v. Rosenberg Corp.,* 44 Ga. App. 586 (1) (162 S. E. 411).   A traverse of the answer of the trial judge, to be effective as such, must be verified by affidavit.

2.  Under the foregoing authorities, where the petitioner in certiorari filed a paper which he denominated "Exception to Answer," and which purported to controvert the truth of the trial judge's answer with regard to the testimony adduced upon the trial, but which paper, if otherwise sufficient as a traverse of the answer, was not verified, such pleading was, for that reason at least, insufficient as a traverse of the answer.

3.  "In a certiorari case the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings therein can be derived by the reviewing court." *Kilpatrick v. Smith,* 32 Ga. App. 44 (123 S. E. 35).   Upon the trial of the certiorari where the judge's answer to the petition is untraversed the judge of the superior court must take as true the statement of the facts and the evidence adduced upon the trial of the case as contained in the answer and in those portions of the petition for certiorari verified thereby as true. *Gildea v. Hill,* 115 Ga. 136 (2) (41 S. E. 492).

4.  Where, upon the hearing of a petition for certiorari assigning error upon the conviction of the plaintiff therein of a charge of possessing non-tax-paid whisky, the evidence showed substantially that the whisky in question, the same being five and one-half gallons of "moonshine" was found  in the back

seat of an automobile which gave evidence of having been long unused, and which was parked in the back yard of the petitioner's residence, which yard was fenced with a fence of sufficient construction and security to keep contained therein a dog, and which automobile could not have been taken into the yard or removed therefrom except by removing a part of the fence; and, where the officers in making the search found a well-beaten path leading from the petitioner's back door to the automobile, and also found a quantity of used whisky bottles under the back of petitioner's house, such evidence was sufficient to authorize the Judge of the Criminal Court of Fulton County, hearing the case without a jury, to find the petitioner guilty of the offense charged. Evidence that the whisky was found on premises in the possession and control of the defendant raises a rebuttable presumption that the possession thereof is that of the defendant. *Hoffman v. State,* 42 Ga. App. 370, 371 (1) (156 S. E. 282); *Sims v. State,* 60 Ga. App. 32 (2 S. E. 2d 716); *Thomas v. State,* 99 Ga. App. 25 (1) (107 S. E. 2d 687). The evidence introduced in rebuttal of the presumption raised by the State's evidence did not demand a verdict of acquittal.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 18, 1961.

*J. C. Bowden,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *E. L. Tiller,* Assistant Solicitor-General, *John I. Kelley,* Solicitor, *B. B. Zellars, Hinson McAuliffe,* contra.